## BLOCH v. MORGAN.

No. 16260—Opinion Filed Feb. 23, 1926.

**1. Appeal and Error—Review of Evidence in Equity Case.**

This court, on appeal, in a case of purely equitable cognizance, will examine the record, but will not reverse the judgment of the trial court unless it is clearly against the weight of the testimony.

**2. Fraud—Definition—Proof.**

Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and are resorted to by one individual to get an advantage over another. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling and unfair ways by which another is cheated, and while fraud must be proved at law, in equity it suffices to show facts and circumstances from which it may be presumed.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by L. O. Morgan and F. J. Morgan against B. M. Bloch and J. H. Bloch for the cancellation of a mineral grant. Judgment for the plaintiffs, and B. M. Bloch brings error. Affirmed.

C. H. Rosenstein, for plaintiff in error.

Moore & West, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Carter county by L. O. Morgan and F. I. Morgan, defendants in error, plaintiffs below, against B. M. Bloch and J. H. Bloch, as defendants, B. M. Bloch being plaintiff in error here, the case against J. H. Bloch having been dismissed, for the cancellation of a grant conveying an interest in the oil and gas upon 80 acres of land owned by the defendants in error. Parties will be referred to as plaintiffs and defendants, as they appeared in the lower court.

The petition alleges, in substance, that B. M. Bloch has recorded an assignment of what purports to be an undivided one-fourth interest in all oil, gas and other minerals in and under the southeast quarter of section 28, township 1, range 3 west, Carter county, Okla.; that said instrument was obtained through fraud; that said instrument was never delivered to the defendant, and that the plaintiffs never received any consideration for the same, and that the placing of said instrument of record constituted a cloud upon the title of plaintiffs' property; and asked that they have judgment canceling the instrument and quieting title in themselves.

Defendant B. M. Bloch, for his answer, entered a general denial, but admitted the execution of the instrument, and that he had recorded the same on the 40 acres described; denied that plaintiffs had not received any consideration for the same, and alleged that he had agreed to pay $400, $200 of which was paid by draft, which had been paid, and plaintiffs had received, accepted, and retained the said $200; that the other $200

had not been paid, but through no fault of his; that he knew nothing about the $200 not having been paid on the other draft until a few days before this action was brought, and upon learning that the same had not been paid, he tendered to the plaintiffs the amount of $200, with interest thereon from May 8, 1923, the date the same was executed, but plaintiff refused to accept the same, and he then tendered the same into court with six per cent. interest for the benefit of the plaintiffs, and in his cross-petition alleged that he was the owner of an undivided one-fourth interest in the oil and gas in and under the said 40 acres under the written instrument dated May 8, 1923; that plaintiffs had placed an affidavit of record in the office of the county clerk of Carter county, claiming said assignment to have been secured by fraud, and that said affidavit constituted a cloud upon his title, and asked judgment of the court that plaintiffs take the $200, with interest, tendered in court, and that he have judgment for his costs, and that he have judgment on his cross-petition quieting his title against the plaintiffs, or anyone claiming by, through, or under them, and for general relief.

The plaintiffs replied by way of general denial to the answer and to the cross-petition of the defendant B. M. Bloch.

The cause was tried to the court without the intervention of a jury, and the court entered judgment in favor of the plaintiffs against B. M. Bloch, declaring the mineral grant executed by plaintiffs to B. M. Bloch to be null and void, and canceling the same, and enjoining the said B. M. Bloch, or anyone claiming by, through, or under him, from asserting any right, title, or interest in and to the oil or gas or any minerals in or under the 40 acres in controversy, and quieting the title to the same in the plaintiffs, and gave judgment for their costs, and ordered that the $200 paid to the bank on the draft, less exchange of 35 cents, be turned over by the bank to the said B. M. Bloch. Motion for new trial was filed, heard and overruled; exceptions reserved by B. M. Bloch, and the cause comes regularly upon appeal from the judgment of the trial court.

The attorney for plaintiff in error sets up in his brief four assignments of error, but contents himself in presenting the same under the one assignment, which is that:

"The judgment of the court is against the clear weight of the evidence and contrary to law."

This is an action of purely equitable cognizance, and the rules of equity will be ap-plied in this case, both as to the question of weighing the testimony and as to the rules of equity applied to the evidence to establish fraud. The evidence clearly shows that the defendant B. M. Bloch went to the plaintiffs, who were ignorant country people, who could neither read nor write, and who were living on their homestead, and sought to buy a one-fourth interest in their interest in the oil and gas on the 40 acres, described in this opinion, and agreed to pay them $400 for it, and had them come to the city of Duncan, and closed the deal through the City National Bank of Duncan, the bank selected by him. On their arrival at the bank the next day, he informed them that he had called up a friend of his in Tulsa, who would buy a one-fourth interest in another 40 acres, and that he would pay them $400 for a one-fourth interest in the other 40 acres, but that he was selling it to a friend for $600, and that he would draw a draft on himself on the Central National Bank of Tulsa for $200 and a draft for $600 on the Exchange National Bank of Tulsa against his friend, and that the plaintiffs would then receive $800 for the two 40 acre tracts. The testimony of the plaintiff, L. O. Morgan, is that the assignment of the mineral rights was not to be delivered until he and his wife received the $800; that the City National Bank of Duncan sent the drafts with the mineral assignment attached, the $200 to the Central National Bank of Tulsa, and the $600 to the Exchange National Bank of Tulsa; that the $200 draft was honored and the money sent to the City National Bank of Duncan, and it transpired that the $600 draft sent by the City National Bank of Duncan to the Exchange National Bank of Tulsa was drawn by the defendant B. M. Bloch against the Altitude Petroleum Company, and that this draft was not honored, but was returned to the City National Bank of Duncan unpaid; that the plaintiffs, upon being informed by the City National Bank of Duncan that the $600 had not been paid but only the $200, refused to accept the $200, and had the bank write letters to the defendant B. M. Bloch, notifying him that the $600 draft had been dishonored, but no reply was ever received from him, and he testified that he never received those notices. The defendant B. M. Bloch got possession of the mineral assignment on the 40 acres in controversy here, and had it recorded, and the plaintiffs, upon learning the same had been recorded, had an affidavit recorded against said assignment, claiming the same had been obtained by fraud and misrepresentation, and that the same had been delivered

without their consent, and that the consideration therefor had not been paid. Plaintiffs had made arrangements with attorneys to bring the present action, and defendant B. M. Bloch appeared on the scene in March, 1924, and offered to pay them the $200 and interest at six per cent. from May 8, 1923, the date of the assignment, but made no offer to take up the draft for the $600, or a balance of $400, and plaintiffs refused to accept the same.

From the above evidence the court found that plaintiffs were entitled to have the assignment canceled of record, and that the money, which had remained in the bank of the $200, should be returned to the defendant B. M. Bloch, and that the title to the same should be quieted in the plaintiffs.

The equity rule to be applied here is: After weighing the testimony, we are of the opinion that, if the judgment of the trial court is not clearly against the weight of the evidence, it should be affirmed, otherwise it should be reversed. It is very clear to our mind that the plaintiffs never received the consideration of $400 for the 40 acre assignment involved here, and received nothing for the other 40 acres, and that it was clearly the duty of the defendant B. M. Bloch to see that his agent, the City National Bank of Duncan, should clear these two drafts, and that the plaintiffs should receive the money therefor. This he did not do, and from his own testimony, he gave the matter no further concern, made no inquiry as to whether the drafts had been honored or not, but contrary to the agreement with plaintiffs, as testified by L. O. Morgan, he took down the mineral assignment on the 40 acres involved here, and placed it of record, without making any inquiry as to whether the plaintiffs had received the $400 as consideration therefor, and never made any offer at any time to take up the two drafts in the total sum of $800, as per the contract and agreement with the plaintiffs. We are therefore of the opinion that the judgment of the trial court was fully sustained by the evidence in this case, and is not clearly against the weight of the evidence, but is abundantly supported by it.

This court has announced the equity rule as to fraud in the case of Armstrong v. Wasson, 93 Okla. 262, 220 Pac. 643, as follows:

"Fraud is a generic term which embraces all the multifarious means which human ingenuity can devise and are resorted to by one individual to get an advantage over another. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling, and unfair ways, by which another is cheated, and while fraud must be proved at law, in equity it suffices to show facts and circumstances from which it may be presumed."

And following the doctrine announced by this court in case No. 16149, Toone v. Walker et al., 115 Okla. 289, 243 Pac. 147, decided Jan. 12, 1926, we are clearly of the opinion that sufficient facts and circumstances were shown in this case to show a legal fraud.

It is argued by attorney for defendant in his brief that plaintiffs did not act promptly in seeking to rescind the mineral deed and secure the cancellation thereof, but, under the testimony, the deed should never have been turned over to Bloch, and should never have been recorded, but upon learning the same had been recorded, the plaintiffs filed their affidavit, as above stated in this opinion.

It is further argued by attorney for defendant in his brief that plaintiffs did not restore or offer to restore the $200 which had been paid them as a part of the consideration for the mineral grant. The defendant B. M. Bloch chose the City National Bank of Duncan, with which these drafts were deposited and through which the collection was to be made, and when only a part of the consideration for the 40 acres in controversy here was returned to the bank, the plaintiffs refused to accept the same; and left the same in that condition in the bank, and it has remained there for the defendant Bloch from that date until now, and is still in the hands of his agent, and under the judgment of the court to be turned over to him. In our view of the record in this case, there was no duty upon the plaintiffs to restore the $200, which they had never received and never accepted, and under the clear weight of the evidence in this case, the judgment of the trial court should be and it is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 897 § 2867: 900 §; 2869; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81. (2) 9 C. J. p. 1254 § 195; 26 C. J. p. 1059 § 1; 27 C. J. p. 65 § 200; 12 R. C. L. p. 229 et seq.; 2 R. C. L. Supp. 1405; 4 R. C. L. Supp. p. 751; 5 R. C. L. Supp. p. 637.