## WILSON v. HORNECKER.

No. 16289—Opinion Filed May 4, 1926.

Rehearing Denied Sept. 21, 1926.

### 1. Pleading—Effect of Demurrer.

For the purpose of a demurrer, the truth of all facts properly pleaded are admitted, and all inferences which can reasonably be drawn are indulged in behalf of the pleadings.

### 2. Judgment — Collateral Attack on Void Judgment—Sufficiency of Petition.

Where the judgment of a court of record is collaterally attacked upon the ground that same is void, because the court was without jurisdiction of the defendant, and where the facts alleged, as in this case, if established, are sufficient to show a total lack of jurisdiction, the pleading is good as against a demurrer.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from Superior Court, Creek County; J. Harvey Smith, Judge.

Action by Jessie Wilson, nee Gross, against Henry Hornecker. Judgment sustaining demurrer to plaintiff's reply, and plaintiff brings error. Reversed and remanded.

James Harrington and Thompson & Smith, for plaintiff in error.

Thrift & Davenport, for defendant in error.

Opinion by JONES, C. This suit was instituted in the superior court of Creek county, Okla., at Sapulpa, by the plaintiff in error, as plaintiff, against the defendant in error, as defendant, to recover possession of certain lands in Creek county, damages for retention of same, and for cancellation of certain guardian's deed under which the defendant holds, and to quiet title of said lands in the plaintiff. On the trial of this cause to the court, a demurrer was sustained to plaintiff's reply, plaintiff elects to stand on the pleadings, and prosecutes the appeal from the action of the court in sustaining the demurrer.

The facts as disclosed by the pleadings show that in 1907, prior to statehood, Kay Gross, the father of appellant, Jessie Wilson, nee Gross, was duly appointed guardian of his minor child, Jessie Gross, in the federal court for the Western District of the Indian Territory at Muskogee, and in May, 1908, the said Kay Gross filed his application, asking to be appointed guardian of the said Jessie Gross in the county court of

Wagoner county, and was thereafter appointed guardian of said Jessie Wilson, nee Gross, and thereafter the guardianship proceedings pending in Wagoner county were transferred to Tulsa county, in which court the sale proceedings here sought to be set aside were had, whereby a portion of the allotment of appellant was sold through the county court of Tulsa county, by Kay Gross, purporting to be the legal guardian of Jessie Gross, to the appellee, Henry Hornecker.

The plaintiff further alleges that under the law, the guardianship proceedings pending in the federal court at Muskogee were automatically transferred to the county court of Muskogee county on the advent of statehood, and that said proceedings were never transferred, but continued to remain in the county court of Muskogee county at all times during the minority of this appellant; that neither this appellant, Jessie Wilson, nee Gross, nor her father and guardian, Kay Gross, were ever residents of Wagoner county, Okla., and were not residing in said Wagoner county at the time the said Kay Gross was appointed guardian of this appellant; that said proceedings were void for lack of jurisdiction, and further alleges that neither she nor her father, Kay Gross, were residents of Tulsa county at the time said purported guardianship proceedings pending in Wagoner county were transferred to Tulsa county, and that the entire proceedings are and were wholly void, and of no force or effect, and that all proceedings had thereunder resulting in the sale of the appellant's land were wholly void.

The defendant in his answer avers that the guardianship and sales proceedings, under which he holds title, and which plaintiff seeks to set aside, were regular, and that the plaintiff cannot collaterally attack the judgment and orders made in said proceedings at this time; and further answering avers that in April, 1918, he, the said Henry Hornecker, instituted a suit in the district court of Creek county against Jessie Gross (now Jessie Wilson), who was at that time a minor, wherein the plaintiff alleged that he was the owner of the land mentioned (and which is involved in this litigation), and asks that his title be quieted as against defendant, Jessie Gross, appellant here. And further alleges that a guardian ad litem was appointed for the minor, Jessie Gross, and that thereafter judgment was rendered by said court in accordance with the prayer of the plaintiff's petition quieting title in said plaintiff, and perpetually enjoining said defendant from setting up or asserting any title or interest in said premises. And further avers that no appeal was taken from this judgment.

In reply to the matter set up in the defendant's answer, the plaintiff denies the validity of the guardianship proceedings pending in Wagoner county, and also denies validity of the transfer of such proceedings from Wagoner county to Tulsa county, and reasserts that the only valid guardianship proceeding pending at all times herein mentioned, was the one in Muskogee county, Okla., and further alleges that the defendant well knew, or should have known of the pending of the guardianship in Muskogee county, and that neither the county court of Wagoner county, nor of Tulsa county, had jurisdiction of the person or estate of this plaintiff. In reply to the averments of defendant's answer, wherein he sets up, as a defense to plaintiff's cause of action, a judgment of the district court of Creek county, quieting title in the appellee, plaintiff alleges that same is void and of no force, or effect, for the reason that at such time this appellant was a minor, and that neither she nor her guardian was served with any process of summons in said cause, and had no notice of said proceedings, and that said court was without jurisdiction to render the judgment now relied on by the defendant. To this reply the defendant interposed a demurrer, which was by the court sustained, and this action of the court is assigned as error.

Appellant prosecutes this appeal, and submits the following proposition:

"The sole question for solution on this appeal is whether a default judgment of the district court quieting title against a minor can be pleaded as a conclusive defense against the minor in a subsequent suit brought by her to recover possession of and quiet her title to said premises, and wherein she alleges that neither she nor her guardian were served with a summons in the action in which the default judgment was had."

From this declaration we assume that the trial court based its judgment, in sustaining the demurrer, on the belief that the judgment of the district court of Creek county was conclusive. Regardless, however, of what the trial court based its judgment upon, we cannot concur in same. For the purposes of the demurrer, the truth of all facts properly pleaded was admitted, and all facts pleaded in the reply, and all facts set up in plaintiff's petition. The court in passing upon the demurrer addressed to the

pleadings is required to search all the pleadings pertinent to the issue involved, in order to arrive at a correct conclusion or judgment. And in this case the demurrer admits the pendency of the guardianship proceedings in Muskogee county, admits lack of jurisdiction on the part of the court in Wagoner county, and the invalidity of the proceedings transferring the invalid proceedings from Wagoner county to Tulsa county; admits the nonresidence of the ward and her guardian in Tulsa county at the time of the sale herein relied upon, and admits that no process or summons was served on the ward or her guardian in the proceedings had in the district court of Creek county, wherein title was quieted in the demurrant. Under this state of the record, we deem it unnecessary to cite any authorities in support of our judgment, holding that the court was in error in sustaining the demurrer.

We therefore hold that the judgment of the trial court should be and the same is hereby reversed, and remanded to the trial court, with directions to overrule the demurrer and proceed with the trial of the case on its merits.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. pp. 333, 336. (2) 34 C. J. p. 532 § 834.