## CORNISH et al. v. ATLAS LIFE INS. CO.

No. 24180.    Dec. 18, 1934.

C. W. King, for plaintiffs in error.

Rittenhouse, Webster & Rittenhouse, for defendant in error.

BAYLESS, J. The Oklahoma Tax Commission, hereinafter called Commission, acting upon the assumption of authority so to do, adopted certain rules and regulations for the administration and enforcement of the Income Tax Law, chapter 66, Session Laws 1931 (sec. 12294, O. S. 1931). Among these rules and regulations were certain ones applying to insurance companies, the gist of which was to require such companies to make specific returns of their income in order that if any portion of such companies' income was derived from sources not strictly within the contemplation of insurance business, such income might be taxed. Atlas Life Insurance Company, a corporation, hereinafter called the Company, instituted an action in the district court of Oklahoma county, Okla., against the Commission for the purpose of enjoining the Commission from its threatened enforcement of such rules and regulations. The judgment of the trial court was in favor of the Company, and the Commission brought this appeal.

The act of 1931, supra, is a comprehensive Income Tax Law for Oklahoma. After making provision for the levying, assessing, computing and collecting said tax, said act contained a proviso reading as follows:

"The provisions of this act shall not apply to the following corporations, associations or organizations: All religious, elcemosynary, charitable, benevolent or fraternal institutions, nor to insurance companies, nor to any corporation, association or organization not organized for profit, and no part of the net earnings of which inures to the benefit of any private stockholder, individual or member; and the Oklahoma Tax Commission shall have the power, under rules and regulations to be prescribed by it, to grant certificates of exemptions to such corporations, associations or organizations as may be entitled thereto, as provided by this section." Laws 1931, c. 66, art. 7, sec. 24.

Both parties admit that an insurance company—that is, a company doing strictly insurance business—is not required to pay an income tax under said law, but is, upon application to the Commission, entitled to a certificate of exemption.

The plaintiff alleged in its petition substantially as follows:

The statutory existence of the Commission; its corporate existence under the laws of the state of Oklahoma; that it is now, and during all of the taxable year of 1931, was a legal reserve life insurance company, situated in Oklahoma, doing business in the state of Oklahoma as such life insurance company, and "* * * was and is by virtue of section 24 of the act entitled 'Oklahoma Income Tax Law', chapter 66, article 7, of the Session Laws of Oklahoma, 1931, excluded from and expressly exempted from the operation of said Oklahoma Income Tax Law, and, under the provisions thereof, and by virtue of said section of the Income Tax Law, is not a taxpayer thereunder, and is, by virtue of said section of the Income Tax Law, not a taxpayer thereunder, and is, by virtue of said section, entitled to have and receive from said Oklahoma Tax Commission a certificate of exemption from all and every tax provided, specified, and levied in said act"; and the threatened action of the Commission repugnant to the idea of exemption under the act; and:

"That the plaintiff has performed all of the conditions entitling it to a certificate of exemption under the provisions of said act, which act specifically exempts this plaintiff from the provisions thereof and the taxes imposed by said act, and specifically provides that the plaintiff is entitled to the certificate of exemption applied for, but that said defendants, and each of them, wrongfully and unlawfully neglect and refuse to issue such certificate of exemption. That this plaintiff, by reason thereof, is entitled to the issuance of said certificate of exemption as provided in said act."

To this petition the Commission filed a demurrer. The trial court overruled the demurrer, whereupon the Commission refused to defend further and elected to stand upon the record as it then existed. The trial court thereupon entered judgment for the Company, enjoining the Commission from proceeding to inquire further into whether or not it should issue a certificate of exemption and from levying any tax against the Company.

Several questions are presented by the Commission and these questions are answered in the brief of the Company, and other matters are urged by the Company. It is only necessary for us to consider one

question, to wit: That upon the state of the record, the demurrer of the Commission having admitted all of the allegations of the petition, there was no other judgment which the court could render than the one it did render.

The allegations of the Company's petition that it is an insurance company; that it is doing an insurance business; that it is not subject to the payment of the tax, and that it is entitled to a certificate of exemption, and that the Commission wrongfully neglects and refuses to issue to it the certificate of exemption to which it is entitled, are not denied, but, on the contrary, are admitted by the demurrer of the Commission. It is said in the case of Wilson v. Hornecker, 119 Okla. 120, 249 P. 317, and other cases too numerous to mention:

"For the purpose of a demurrer the truth of all facts properly pleaded are admitted, and all inferences which can reasonably be drawn are indulged in behalf of the pleadings."

Any arguments made by the Commission in its briefs that the allegations of plaintiff's petition might be rebutted or might, upon investigation or trial, be shown to be untrue, or that upon the trial of the case it might develop that the rules and regulations which it had adopted and was seeking to enforce might be shown to be reasonable, practicable, and of benefit to the public as applied to this particular company, are beside the point. Such facts or conditions would constitute an affirmative defense to the alleged cause of action of the plaintiff, and, not appearing in the record, and, in fact, never having been made, there was nothing else the trial court could do upon the petition filed by the Company, and admitted by the Commission, but renders judgment as it did.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BUSBY, JJ., concur. ANDREWS and WELCH, JJ., absent.