## JOHANSEN BROTHERS SHOE CO. v. BENNETT.

No. 21920.    Sept. 25, 1935.

Mills & Cohen, for plaintiff in error.

Lytle & Reynolds, for defendant in error.

McNEILL, C. J. This appeal challenges the sustaining of a demurrer to the plaintiff's petition.

Plaintiff, Johansen Brothers Shoe Company, being plaintiff in error, elected to stand on its petition and refused to plead further. The court thereupon rendered judgment in favor of defendant, P. H. Bennett, and dismissed the instituted action.

Plaintiff alleged in substance that the Oklahoma Shoe Company, whose place of business was in Sapulpa, Okla., on February 9 and April 11, 1928, had ordered certain shoes from plaintiff, a corporation engaged in manufacturing shoes in the city of St. Louis; that plaintiff was unwilling to accept the credit of the Oklahoma Shoe Company, and in order to induce plaintiff to deliver said shoes to the Oklahoma Shoe Company, P. H. Bennett, defendant below, on February 9, 1928, and also on April 11, 1928, guaranteed in writing the payment of said orders, and plaintiff, relying upon said guaranty, delivered the said merchandise.

Plaintiff further alleged that after crediting the Oklahoma Shoe Company with all credits and payments there remained a balance due from the Oklahoma Shoe Company to plaintiff in the sum of $1,710; that said Bennett was liable for this amount under said guaranty; that sometime thereafter. on the 15th day of October, 1928 defendant and plaintiff reached an oral agreement in settlement of the indebtedness due plaintiff by defendant and an account stated between them was duly agreed upon that it was agreed between the parties that defendant was indebted to plaintiff in the sum of $1,500, with interest thereon, payable $150 each month until the entire amount of the principal was paid and discharged, and that the defendant had paid upon said indebtedness the sum of $750.

Plaintiff contends that the suit was brought upon an account stated; that the petition alleged that there was an express agreement between the parties; that there had been a previous transaction between the parties whereby the defendant Bennett indemnified the Johansen Brothers Shoe Company against loss by reason of extending credit to the Oklahoma Shoe Company and that an agreement was reached upon the amount due. Plaintiff also asserts that if an account stated was pleaded, then the obligation was upon such account stated and not upon the original obligation; that the original liability arose under the contract of guaranty and that the amount of the liability depended upon many items of credit and debit in the account between plaintiff and the Oklahoma Shoe Company; that when the parties agreed upon the amount due they were in no wise changing or altering the written agreement, but were making definite that which was before indefinite; and that when the parties agreed that there was due the plaintiff under the terms of the guaranty the sum of $1,500 and the defendant Bennett agreed to pay that sum in installments of $150 a month, the old obligation was set aside and the new contract took its place.

On the other hand, defendant contends that the petition does not allege an account stated; that the action is one in which prior dealings were had with a third person, a principal; and if the determination of the account is the time in which the liability arose, then, under the rule announced in the case of Jasper Trust Co. v. Lampkin (Ala.) 50 So. 337, 24 L. R. A. (N. S.) 1237, an account stated did not exist; that if time was given for the payment of the amount claimed or agreed upon, then the contract was executory and part payment did not affect it; that plaintiff cannot abandon solemn writings of guaranty and maintain a suit on same as an oral account stated. Defendant also urges that the plaintiff cannot rely upon the oral agreement for the payment of a sum of money less than that provided for by the written contract for the performance of an act unless the sum of money has already been paid to and accepted by the plaintiff.

The cause is briefed by the plaintiff in error upon the theory of an account stated. The petition smacks of accord and satisfaction, but it becomes immaterial to determine that question. In either event, whether, there is pleaded an account stated or accord and satisfaction, a new and independent agreement was entered into. For a distinction and definement of these terms, see: 1 C. J. 523 and 685; 1 R. C. L. 177, 208 and 219; Gunn v. Fryberger, 71 Okla. 170, 176 P. 248; Davis, Federal Agent, v. Davis, 103 Okla. 83, 229 P. 479; Williams v. Casparis Bros., 113 Okla. 51, 238 P. 438; Bennett v. Potter (Cal.) 183 P. 156; Jasper Trust Co. v. Lampkin (Ala.) 50 So. 337, 24 L. R. A. (N. S.) 1237; Isaacs v. Wishnick (Minn.) 162 N. W. 297.

The petition alleges that a specific agreement was entered in October, 1928, by the terms of which plaintiff agreed to accept $1,500 in lieu of the amount which he alleges defendant was liable to pay under the contract in guaranty, and which the defendant agreed to pay with interest from the date of the new agreement and on the basis of $150 per month until paid.

The demurrer admits that the correctness of the balance due under the contract received the assent of plaintiff and defendant. The sum was fixed and admitted to be due by Bennett to the plaintiff. There was an assent to the correctness of the balance due under the pleading and an admission as against the demurrer that liability existed. The acknowledgment of liability was present. The amount was certain and specific. The balance due was struck in favor of the plaintiff, to which the defendant Bennett assents as correct, and thereby the balance was carried into a new account as an admitted debt due by mutual consent. The account, as contended, amounted to $1,710. This amount was reduced, by acquiescence, to the fixed and certain liquidated amount of $1,500, and the defendant Bennett by the demurrer thereafter acknowledges the correctness of the liquidated claim, and he thereafter made payments on the balance due upon the liquidated amount, which constituted an admission of its correctness. 1 C. J. page 689, sections 269 and 270.

The demurrer to a petition admits all facts well pleaded therein and all inferences which may be reasonably drawn therefrom, and we are of the opinion that the facts pleaded in the petition constitute a new and independent agreement.

When defendant agreed to pay the sum of $1,500 to settle the liability upon his contract of guaranty at the rate of $150 per month, with interest thereon from the date of said agreement, and the plaintiff agreed to accept said amount after the adjustment of the debits and credits on said amount, a

new and independent agreement was entered into which does not in any way conflict with section 9502, O. S. 1931, which provides "that a contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise."

We conclude that the court erred in sustaining the demurrer to the plaintiff's petition.

The cause is reversed and remanded, with directions to overrule said demurrer and to proceed in accordance with the views herein expressed.

OSBORN, V. C. J., and RILEY, BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. BUSBY and WELCH, JJ., absent.