BIGPOND v. MUTALOKE et al.

No. 28594. April 2, 1940.

*105 P. 2d 408.*

Supplemental Opinion Sept. 10, 1940.

Glenn O. Young, of Sapulpa, for plaintiff in error.

Wilkinson & Smith and. C. J. Davenport, all of Sapulpa, for defendants in error.

WELCH, V. C. J. This appeal is prosecuted by Acie Bigpond, plaintiff in the trial court, from a ruling of the trial court sustaining a general demurrer to the petition of the plaintiff, and granting judgment on the cross-petition filed by the defendants.

The first question necessary for our consideration is whether the trial court committed error in sustaining the demurrer to the petition.

That a general demurrer admits truth of all facts well pleaded and all inferences which may be reasonably drawn therefrom, is a well-established rule of law. See Johansen Bros. Shoe Co. v. Bennett, 173 Okla. 608, 49 P. 2d 165; Franklin v. Sovereign Camp, W. O. W., 145 Okla. 159, 291 P. 513; Grady v. First State Bank of Hartshorne, 143 Okla. 268, 288 P. 481; G. B. Small Radio Co. v. Southwest General Electric Co., 141 Okla. 282, 285 P. 17; Wilson v. Hornecker, 119 Okla. 120, 249 P. 317; Myers v. Harness, 116 Okla. 268, 244 P. 1109.

The plaintiff's petition is long and its terms are somewhat involved. It is difficult to briefly state the substance of all of the allegations therein. However, the petition includes the following allegations, in substance:

That plaintiff is the owner by inheritance of a stated fractional interest in the real estate involved, setting out in detail her relation to the deceased allottees and former owners; that for some years the defendants have wrongfully held the land and taken profits therefrom; that defendants claim by various conveyances, leases, and contracts, but all are inferior to plaintiff's claim and title; that certain defendants held deed invalid for lack of necessary approval by the county judge required by federal law; that certain conveyances were obtained without consideration; that certain conveyances were obtained by

fraudulent misrepresentations; that as to a certain waiver of plaintiff's interest in part of the lands, her signature thereon was obtained without consideration and by fraudulent misrepresentations; that there was bad faith as to some prior litigation and in the compromise thereof; that a former guardian of plaintiff was paid not to prosecute her action and that a compromise thereof was void; that a certain purported decree of heirship against plaintiff was void and was obtained by fraud and false representations and by corruptly obtaining a purported and invalid release from plaintiff; that one of the defendants acted as attorney for plaintiff and at the same time acted as attorney for her adversary and aided in defrauding plaintiff; that whatever title the defendants obtained was fraudulent as alleged, and justifies the declaration of a constructive trust. And the petition generally alleges a plan to defraud plaintiff, commencing d u r i n g plaintiff's minority, and continuing acts therein after majority.

Many, or some, of the allegations are quite general and might have been stated in more definite and certain language; and perhaps all material or essential statements of plaintiff's claims could have been set out with more brevity. However, we are here considering no objection to, or attack upon, plaintiff's petition, except the attack presented by general demurrer that the petition is not sufficient to state any cause of action.

In a final analysis the petitioner seeks recovery of property in which she asserts ownership, and further relief by way of accounting and cancellation of instruments, and the avoidance of instruments, for fraud, abuse of fiduciary relationship, and fraudulent overreaching and the like.

Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and all resorted to by one individual to get an advantage over another. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling, and unfair ways by which another is cheated, and while fraud must be proved at law, in equity it suffices to show facts and circumstances from which it may be presumed. Bloch v. Morgan, 116 Okla. 199, 244 P. 176; Johnson v. McDonald et al., 170 Okla. 117, 39 P. 2d 150.

Upon consideration of the petition and the applicable authorities, we are convinced that the plaintiff's allegations of inheritance and ownership of property, and of fraud, are sufficient to withstand a general demurrer.

The brief of defendants discusses at considerable length the asserted facts with reference to the conduct of the parties, including the plaintiff, and their actions in executing conveyances and documents, and their appearances in court, and before the county judge. Those presentations may have force and merit when based upon a trial at which the facts are established, but they can have no controlling influence here. We now only consider the sufficiency of plaintiff's petition to allege a cause of action. All facts alleged therein, together with reasonable inferences drawn therefrom, being fully admitted as true, for the purpose of this consideration on demurrer.

The facts alleged in plaintiff's petition are sufficient to constitute fraud, or at least to create a reasonable inference of fraud. Leaving for final trial, of course, the determination of whether fraudulent acts were committed or fraud actually practiced to plaintiff's detriment.

The judgment of the trial court is reversed, and the cause remanded, with directions to overrule defendants' general demurrer.

BAYLESS, C. J., and RILEY, OSBORN, and DAVISON, JJ., concur.

---

Supplemental Opinion on Rehearing.

WELCH, V. C. J. Upon rehearing our attention is directed to the fact that since the opinion was promulgated herein on April 2, 1940 (11 Journal 10), the par-

ties have fully compromised and settled the matters in controversy, and a dismissal of the cause has been signed by plaintiff, pursuant to the settlement agreement. It appears, therefore, that the litigation should be terminated, and that the opinion herein should be modified as to the direction for further proceedings in the trial court.

We conclude the cause should be remanded, with directions to the trial court to vacate the judgment rendered for defendant following sustaining of demurrer to plaintiff's petition, and to enter final dismissal of plaintiff's cause pursuant to completed compromise and settlement.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, DAVISON, and DANNER, JJ., concur. CORN, J., absent. HURST, J., not participating.