## HERREN v. OKLAHOMA NATURAL GAS CO.

No. 31980. Feb. 19, 1946.

*166 P. 2d 95.*

Allen G. Nichols, of Wewoka, and Van H. Albertson, of Shawnee, for plaintiff in error.

I. J. Underwood, Paul Pinson, and M. C. Rodolf, all of Tulsa, and Reily & Reily, of Shawnee, for defendant in error.

PER CURIAM. This is an action by C. H. Herren against the Oklahoma Natural Gas Company, a corporation, to recover a brokerage commission. Judgment was rendered in favor of defendant upon sustaining demurrer to plaintiff's petition.

Plaintiff has appealed and assigns this ruling as error.

In the petition it is alleged that the defendant entered into a contract with plaintiff whereby it agreed to employ him to procure the purchase of certain properties of the Seminole Oil & Gas Company for which it agreed to pay him a commission of $3,000. The agreement was consummated by the exchange of letters between the parties, which letters are attached to the petition as exhibits. On December 10, 1938, defendant submitted to plaintiff a written offer respecting the purchase of the property in which offer was set forth fully the terms and conditions upon which it was willing to purchase. The offer was made upon condition that the transaction should be completed within 60 days unless renewed in writing, and on the same day defendant by letter agreed to pay him a commission of $3,000 provided the transaction was completed in the time mentioned in the offer; that if not made within such time, plaintiff was to receive nothing for his services. On February 6, 1939, defendant by letter extended the time in which to complete the transaction for a period of 60 days. Thereafter, and on November 29, 1939, defendant by letter revoked the offer on the ground that the transaction was not completed within the time mentioned in the offer and the extension thereof. Plaintiff in paragraph 16 of his petition further alleged:

"Plaintiff further alleges that, while a time limit within which the proposed sale and purchase transaction should be concluded was specified in some of the correspondence passed between plaintiff and defendant and hereto exhibited, by and through its officers and agents, such time limit was extended from time to time by defendant, the last written extension having been by letter under date of February 6, 1939, identified herein as 'Exhibit L,' extending such time for a period of sixty (60) days from and after February 10, 1939; but plaintiff avers that about the 15th day of April, 1939, plaintiff talked personally with the said T. W. Peters, treasurer of said defendant, and they orally agreed with plaintiff that he should continue his efforts in the negotiations for the purchase of said properties by defendant, and further orally agreed at that time with plaintiff that should defendant's purchase of said properties be consummated, defendant would allow and pay to plaintiff for his efforts and services the sum originally agreed to be paid, towit, the sum of $3,000; and that in pursuance of said oral agreement and understanding plaintiff continued his efforts without abatement up until he learned that the purchase of said properties by defendant had been consummated and closed."

It is further alleged that plaintiff, under his oral contract with defendant, on the 5th day of December, 1939, succeeded in obtaining a purchaser for the property, and that under the contract his commission was to be paid within 60 days thereafter, and prays judgment for $3,000, together with 6

per cent interest from the 5th day of December, 1939. Defendant demurred to this petition, which was sustained. Plaintiff by leave of court filed an amendment to the petition in which he made all the allegations of the original petition a part thereof except paragraph 16. This paragraph was amended by enlarging upon the allegation therein contained which in no manner materially changed any of such allegations. Defendant renewed its demurrer to the petition as amended, which was by the court sustained. Plaintiff declined to plead further and stood on his petition as amended. The demurrer was predicated on the ground that the petition failed to state a cause of action.

The record does not disclose upon what theory the demurrer was sustained. Plaintiff asserts that it was sustained on the theory that his cause of action was predicated on a written contract and that the oral contract pleaded tended to alter the terms of the written contract. If this is the theory upon which it was sustained, the ruling in our opinion is erroneous. This is not a case in which plaintiff seeks to rescind an existing written contract by a subsequent unexecuted oral contract or to in any manner modify or alter the terms of the written contract. He alleges that the written contract had expired under its own terms; that thereafter a new and independent oral contract was entered into whereby defendant orally employed him to purchase the properties and agreed to pay him a commission. After the written contract had expired by its own terms the parties were then at liberty to enter into a new and independent oral contract to accomplish the same purpose as set forth in the written contract. The suit was on the oral contract. The petition was therefore not subject to demurrer on the ground that the oral contract declared upon tended to alter the terms of the written contract. Johansen Bros. Shoe Co. v. Bennett, 173 Okla. 608, 49 P. 2d 165; Greenwalt v. Labenne, 167 Okla. 508, 30 P. 2d 873.

Defendant in its answer brief does not discuss this proposition. It asserts that the demurrer was sustained solely on the ground that plaintiff's petition showed on its face that his cause of action was barred by the statute. It asserts that plaintiff's action was predicated on the oral contract; that the three-year statute of limitations therefore governed. 12 O. S. 1941 § 95. It is contended that the petition as amended shows that plaintiff's cause of action arose on February 5, 1940, and that the petition was not filed until November 8, 1943, and that plaintiff's action is therefore barred by limitation. This contention would be correct in the absence of an allegation in plaintiff's petition tolling the statute. Plaintiff alleges:

"That this action was originally commenced on the 2nd day of December, 1942, and was dismissed by the plaintiff on September 30, 1943, without having been submitted upon the merits of the case."

Under this allegation we must assume that plaintiff in his petition filed on the 2nd day of December, 1942, also declared on the oral contract. Under this allegation that cause of action was disposed of otherwise than on the merits on September 30, 1943. The bar of the statute had then fallen. Plaintiff therefore had the right within one year thereafter to bring a new action. 12 O. S. 1921 § 100; Importers & Exporters Ins. Co. v. Farris, 181 Okla. 339, 73 P. 2d 831; Haught v. Continental Oil Co., 192 Okla. 345, 136 P. 2d 691.

The petition was not subject to demurrer on the ground that it showed upon its face that plaintiff's cause of action was barred by limitation.

The judgment is reversed and the cause remanded, with directions to overrule the demurrer and for further proceedings not inconsistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur.