Eugene R. SINGLETON, Plaintiff in Error,

v.

Louis LePAK, Defendant in Error.

No. 41052.

Supreme Court of Oklahoma.

Feb. 7, 1967.

Rehearing Denied March 7, 1967.

John H. Kennedy, Oklahoma City, for plaintiff in error.

Miskovsky, Sullivan, Embry, Miskovsky & Turner, by George Miskovsky, Jr., Oklahoma City, for defendant in error.

PER CURIAM.

This is an appeal upon the original record by Eugene R. Singleton, plaintiff in error, (plaintiff below) from an Order of the District Court of Oklahoma County, overruling the demurrer of plaintiff in error to the petition of Louis LePak, defendant in error, (defendant below) to vacate a default judgment rendered in favor of plaintiff in error. The parties will be referred to by their trial court designation.

Plaintiff filed his original petition on November 22, 1963 and, after obtaining service upon the defendant on November 25, 1963 by serving a member of the family over the age of 15, to-wit, a 16 year old son, the plaintiff obtained default judgment for damages for personal injuries on January 2, 1964. The answer date was December 22, 1963. On January 23, 1964 the defendant filed a petition to vacate the default judgment.

The petition of defendant to vacate the default judgment was based upon the provisions of 12 O.S.1961, § 1031, on the grounds provided in Subdivision Four for fraud practiced by the successful party and Subdivision Seven for unavoidable casualty or misfortune preventing defendant from defending the action, alleging also that there was no competent evidence presented to the court to sustain the judgment. Plaintiff filed his demurrer to the petition to vacate said judgment upon the grounds that said petition stated conclusions of law and failed to state facts sufficient to justify the vacation of said judgment.

The petition to vacate the default judgment alleged as facts in support thereof that the defendant reported the accident, which occurred on June 11, 1963, to his insurance company which then started, through their attorneys, negotiations with the attorney for the plaintiff in September, 1963; that plaintiff's attorney received a letter and engaged in telephone conversations with Kenneth M. McKinney, attorney for the American Casualty Company, who undertook to represent the interests of the defendant LePak in this accident (Mr. McKinney never made a formal appearance after suit was filed); that thereafter suit was filed on November 22, 1963, service obtained by delivering a copy to the defendant's 16 year old son, who did not give it to the defendant; that default judgment was thereafter rendered without the filing of a motion for default judgment or notice to the defendant or Mr. McKinney that a default judgment was being requested; that there was no competent evidence presented to the court to sustain the judgment.

The plaintiff demurred to the petition to vacate the default judgment and fiercely resisted all testimony in support thereof. It is worthy of note that the petition alleges minor medical expense and that the default judgment was taken in the amount of $43,-460.00, which included the prayer of $40,000.00 for pain and suffering past and future. The plaintiff, after the overruling of his demurrer to the petition, did not file a response and objected to the introduction of any evidence in support of defendant's petition. The court permitted the defendant to offer evidence in support of its petition

to vacate the default judgment and ruled that the default judgment should be vacated with costs taxed to the plaintiff. The plaintiff stood on the ruling to his demurrer to the petition and announced his intention to appeal to the Supreme Court. Plaintiff does not argue that the evidence at the hearing on the petition was insufficient to support the allegations thereof, or that, if the petition is sufficient to withstand a general demurrer, the vacating of the default judgment was erroneous.

By his petition in error, the plaintiff alleges three grounds for reversal, to-wit, that the court erred in (1) rendering a judgment overruling the demurrer of plaintiff in error to the petition to vacate the default judgment; (2) granting the defendant leave to file his answer accompanying his petition to vacate default judgment, and (3) assessing the costs in said action against the plaintiff Eugene R. Singleton. These contentions will be taken up in the order in which they were presented.

The petition to vacate the default judgment alleged the statutory ground of unavoidable casualty or misfortune, Subdivision Seven, and actual or constructive fraud, Subdivision Four of Title 12, § 1031, and facts to support these allegations, that is that the accident was reported to his insurance carrier whose attorney contacted the attorney for plaintiff and thereby undertook the representation of defendant; that the default judgment was later entered without notice of the filing thereof to either the defendant or the attorney who had previously contacted the plaintiff's attorney and without presenting evidence in support thereof.

Is this a sufficient allegation to withstand a general demurrer to a petition to vacate a judgment by default after the term has ended? Stated in the alternative, should the defendant be denied the opportunity to introduce evidence to support his petition? We think not. And if the trial court should receive evidence, then the demurrer was properly overruled.

In considering a general demurrer, this Court is bound by the rule that a petition must be liberally construed in favor of the pleader for the purpose of the demurrer and all reasonable inferences resolved in favor of the party resisting the demurrer. Carter v. Grimmett, 89 Okl. 37, 213 P. 732; Fowler v. Van Francis Typesetting Co., Okl., 362 P.2d 107.

This is a petition to vacate a default judgment. Default judgments are not favored. Morrell v. Morrell, 149 Okl. 187, 299 P. 866, and cases collected under 9 Okl. Digest, Judgments, Sec. 138(1). Further extending this rule of law and indicative of present thought, a rule has been adopted by the District Court of the 7th Judicial District in which this judgment was rendered (Rule 12) and by this Court to insure a litigant his fair day in court.[1] This case was never placed on a regular pre-trial or trial docket. The haste with which the default judgment was taken (10 days after answer day and four days before the term ended) coupled with the amount of the judgment and the vigor with which the petition was resisted, the strenuous objection to any testimony and the trial court's ruling that the default judgment should be vacated, would indicate that this litigant has been denied his fair day in court. While it is true that diligence of litigants in at-

---

1. "Rule 10. Default Judgments. In all matters in default in which an appearance has been made by the defaulting party or by an attorney, or a pleading filed, default judgment shall not be taken until a motion therefor has been filed in the case and five (5) days notice thereof given to the party in default or his attorney, which fact shall be noted on the motion. If the address of the party or attorney is unknown, then the motion may be heard and default judgment rendered after the same has been regularly set on the motion and demurrer docket. When a case has been regularly set for hearing on a pre-trial conference or trial docket, default judgment may be rendered for any party on the hearing date without further service of notice."

tending to their matters pending in the courts is of importance and while it is a significant function of the courts that the litigation before them be determined and disposed of as rapidly as possible, it is also important that all litigants be given a reasonable opportunity to have their day in court. Beck v. Jarrett, Okl., 363 P.2d 215 (1961). And this is particularly true when the litigant has acted with dispatch after the granting of a default. In the Beck case, supra, the petition to vacate was filed within the term and there was an interim of sixty-five days between the rendering of the judgment and the petition to vacate, while in the instant case the petition to vacate was filed after the term with an interim of only twenty-one days. This case, without the appeal being lodged after the trial court's ruling, could have been set for trial any time after March 5, 1964, a period of less than four months from the date of the filing of the petition. The plaintiff can not be heard to complain that he has been denied the opportunity to have his case tried on the merits with dispatch under these circumstances.

■■ In considering the allegations of the petition for the purpose of testing the sufficiency thereof to withstand the demurrer, it is a well established rule that a demurrer admits the truth of all facts well plead, together with all inferences which may be legally drawn therefrom. The petition must be liberally construed in favor of the pleader and if the facts as plead are not sufficient to withstand the right of recovery, a demurrer thereto should be sustained. Williams v. City of Bristow, (Okl.) 350 P.2d 484, 84 A.L.R.2d 501; Williams v. Phillips Petroleum Company, (Okl.) 406 P.2d 474. If, however, any facts alleged, together with all reasonable inferences therefrom, entitled pleader to relief, demurrer should be overruled. Bowman v. Oklahoma Natural Gas Company, (Okl.) 385 P.2d 440; Commercial Union Fire Insurance Co. v. Kelly, (Okl.) 389 P.2d 641. Oklahoma Digest "Pleadings" Key No. 34(1).

■ The allegations of abandonment by his attorney and fraud in taking the judgment without either notice in these circumstances or evidence presented to support the amount of the judgment, are sufficient to withstand a demurrer.

This court has repeatedly said:

"Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and all resorted to by one individual to get an advantage over another. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling and unfair ways by which another is cheated, and while fraud must be proved at law, in equity it suffices to show facts and circumstances from which it may be presumed." Bigpond v. Mutaloke, 187 Okl. 611, 105 P.2d 408.

See also Bloch v. Morgan, 116 Okl. 199, 244 P. 176; Johnson v. McDonald, et al., 170 Okl. 117, 39 P.2d 150.

In 23 Am.Jur. 753, it is said:

"The term 'fraud' is used in various senses, and fraud assumes so many different degrees and forms that courts are compelled to content themselves with comparatively few general rules for its discovery and defeat, and allow the facts and circumstances peculiar to each case to bear heavily on the conscience and judgment of the court or jury in determining its presence or absence. In fact, the fertility of man's invention in devising new schemes of fraud is so great that courts have always declined to define it, reserving to themselves the liberty to deal with it under whatever form it may present itself."

■ In regard to the second alleged error, that is, the court granting leave to file an answer, it will suffice to say that a valid defense must be alleged after term time. And that, having vacated the default judgment, this is the only order the court could have entered to join the issues for trial. 12 O.S.1961, § 1035.

The third specification of error is the assessing of costs against the plaintiff. There are two statutes involved to consider. Title 12 O.S.1961, § 928 provides

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, * * *."

and Title 12 O.S.1961, § 929 provides

"Costs shall be allowed of course to any defendant, upon a judgment in his favor in the actions mentioned in the last section. (928)"

■ The costs accruing by virtue of the defendant filing his petition and prevailing should be assessed against the plaintiff pursuant to Title 12 O.S. § 929, supra, since the defendant received a judgment in his favor on this point. The other costs will be taxed by the trial court at the conclusion of the case pursuant to Title 12 O.S. § 928, supra.

■ The defendant has urged that the petition in error of the plaintiff should not be heard because a motion for a new trial subsequent to the overruling of the demurrer was not presented and ruled on by the trial court. This is without merit. An adverse ruling on a question of law did not have to be preserved by a motion for new trial prior to Poafpybitty v. Skelly Oil Co., Okl., 394 P.2d 515 (1964). This appeal was lodged prior to the effective date of that case. The action of the trial court in overruling the demurrer raises and presents a question of law, which ruling may be appealed from directly without the filing of a motion for new trial. Terrell, et al. v. Phipps, et al., 181 Okl. 409, 73 P.2d 1150.

■ After the trial court overruled the demurrer of plaintiff to the petition of defendant to vacate the default judgment, and the plaintiff elected to stand on his demurrer, it was not necessary for the defendant to introduce evidence in support thereof. Federal Tax Co. v. Board of County Commissioners of Okmulgee County, 187 Okl. 223, 102 P.2d 148. The record sustains the trial court's action in overruling the de-

murrer, and, the plaintiff having elected to stand on his demurrer, in vacating the default judgment.

The trial court did not err in overruling the demurrer to the petition, and the judgment is affirmed.

The court acknowledges the services of R. B. Garvin, who with the aid and counsel of James T. Blanton, Jr. and Haskell Paul, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the court. The Chief Justice then assigned the case to McINERNEY, J., for review and study, after which and upon consideration by the court, the foregoing opinion was adopted.

All the Justices concur.