## LYNCH et al. v. COLLINS et al.

No. 15224—Opinion Filed Feb. 10, 1925.

**1. Judgment—Validity of Default—Sufficiency of Process—Publication Notice—Mailing Copies.**

The defendant against whom a judgment has been rendered by default upon service by publication, is not entitled to have the judgment set aside under the provisions of section 256, Comp. Stat. 1921, if the copies of the publication notice and of the petition were mailed to the defendant at his place of residence, or place of business, according to the provisions of section 252, Comp. Stat. 1921. The term "other service," as used in section 256, includes the act of mailing copies of the notice of publication and of the petition to the defendant according to the provisions of section 252, Comp. Stat. 1921.

**2. Judgment—Collateral Attack—Lack of Jurisdiction.**

A judgment of a court of general jurisdiction is not subject to attack, collaterally, unless the judgment is void upon its face. The judgment of a court is void upon its face where the court is not granted jurisdiction to try the cause, as where a county court should enter its judgment ordering the foreclosure of a mortgage upon real estate.

**3. Same — Defective Process — Voidable Judgment.**

The judgment of a court of general jurisdiction is merely voidable where service has not been obtained upon the defendant in the manner prescribed by law, or the defendant has been denied his day in court for the lack of service, as is prescribed by

law in relation to the particular action. Such errors, occurring in the course of the trial of a cause, over which the court has jurisdiction of the subject-matter, are termed "lack of due process of law." The judgment may be attacked, collaterally, by the defendant as against the plaintiffs, and those claiming under the plaintiff, with actual notice of the failure to obtain service in the cause upon the defendant as prescribed by law. as where the return of the officer recites personal service upon the defendant, which, in fact, was not made as returned by the officer.

**4. Judgment Sustained.**

Record examined; held, to support judgment in favor of the defendants in error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by Calvin, Eddie, Corrine, and Lottie Lynch against A. Collins and Cornelia Collins to set aside a judgment quieting title to real estate in favor of the latter, and against the former. Judgment for A. Collins and Cornelia Collins. Calvin Lynch et al. bring error. Affirmed.

T. C. Wilson and Bernard A. Gow, for plaintiffs in error.

O. L. Rider and J. W. Bashore, for defendants in error.

Opinion by STEPHENSON, C. A. Collins and Cornelia Collins commenced their action against the plaintiffs in error, and other defendants, to quiet title in certain real estate in favor of the plaintiffs and against the defendants.

Two of the plaintiffs in error were minors at the time of the rendition of the judgment to quiet title, and one is now a minor. Service was obtained upon the plaintiffs in error by publication. The attorney for the plaintiffs filed his sworn affidavit in the cause to the effect that he had mailed copies of the publication notice and of the petition to the plaintiffs in error, at Coffeyville. Kan., recited to be the place of residence of the parties. Default was made by the plaintiffs in error, and in the trial of the cause judgment was rendered for the defendants in error herein and against the plaintiffs in error on March 23, 1920, quieting title as against the latter.

The judgment of the court quieting title recited that legal service was had upon all the defendants, and that the minors in said cause appeared by guardian ad litem duly appointed by the court. The plaintiffs in error filed an application in the cause on January 23, 1923, to set aside the judgment and to be permitted to defend in the cause. The application to set the judgment aside was based upon the following grounds:

(1) That the defendants were entitled to have the judgment set aside under the provisions of section 256, Comp. Stat. 1921, for the reason that the defendants did not receive actual notice of the pendency of the cause prior to judgment, and that application to set aside the judgment was made within three years from the date of the rendition of the judgment.

(2) That the judgment quieting title in favor of the plaintiffs and against the defendants was void for the reason that the plaintiffs claimed title to the real estate through a void guardian's deed, purporting to sell and convey the interest of the defendants in the real estate.

No. equitable questions are presented by the attack on the judgment and in the appeal. The questions involved in this appeal are to be determined by the rules of law and statutes involved.

The second ground assigned by the plaintiffs in error to set aside the judgment is a collateral attack. The judgment of a court of general jurisdiction is not subject to collateral attack, unless the judgment is void upon its face. If the judgment is void upon its face, it is subject to attack, collaterally, between the parties, or between the parties and any person who claims an interest in the subject-matter through any of the parties to the action. The judgment of a court of general jurisdiction will appear void upon its face if the court is not granted jurisdiction by the Constitution or statutes to try the particular cause, as where a county court should enter a judgment foreclosing a real estate mortgage. There are two propositions involved in the trial of the cause; the authority of the court to try the particular action, and the trial of the cause according to the rules of law as applicable to the particular case. It is the consideration of errors of the latter class in a collateral attack which sometimes leads to confusion by reason of the use of the term "want of jurisdiction." Strictly speaking the term "want of jurisdiction" relates to a lack of authority on the part of the court to adjudicate the subject-matter involved in the action, as where a county court should undertake to foreclose a real estate mortgage.

There are two prerequisites for a judgment to be valid: First, that the court has jurisdiction of the subject-matter; second, that the defendant has been served with no-

tice as prescribed by law of the pendency of the action against him.

The failure of the plaintiff to cause service to be made upon the defendant. as is prescribed by law, may be termed, more properly, a "lack of due process of law", rather than a lack of jurisdiction to adjudicate the subject-matter involved in the action. The failure of the plaintiff to cause personal service to be had upon the defendant in a personal action, as is prescribed by law, renders the judgment merely voidable between the parties and those having actual notice of the defect. The judgment in such a case is merely voidable between the parties and those having notice for the reason that the defect is not reflected in the judgment, and the assignee or grantees of a party to the action would take the interest of the grantor without notice of the defect. McDougal v. Rice, 79 Okla. 303, 193 Pac. 415; Mellon v. St. Louis Union Trust Co., 240 Fed. 359.

The judgment of a court of general jurisdiction is entitled to the presumption that all legal acts have been done to give validity to the judgment, unless the contrary affirmatively appears from the record. Therefore, in an action where the record is silent as to service, it is presumed that due and valid service was had upon the defendant; consequently, the judgment is valid upon its face. The judgment will be merely voidable if in fact service was not had upon the defendant, or if the return of the officer showing service is in fact false. The failure of the plaintiff to cause service to be had upon the defendant, or the lack of service upon the defendant, as is required by law, denies the defendant his day in court. We think the latter errors more properly come under the classification "want of due process of law," rather than the term "jurisdiction." The judgment under such circumstances is merely voidable. but this is a case where the defendant may attack the judgment, collaterally, for the reason that the attack is based upon the charge of a failure to give the defendant his day in court.

But the burden is on the defendant to show by clear, cogent, and convincing evidence that service was not had upon him. Neff v. Edwards, 107 Okla. 101, 230 Pac. 234.

It is probable that there are few errors falling within the class of "want of due process of law", aside from the question of lack of service, which may be presented by a collateral attack upon a judgment. This is the general rule for the reason that in the trial of a cause, over which the court

has jurisdiction, errors committed in relation to quasi jurisdictional matters are not reflected in the judgment; consequently, the judgment is not void upon its face and cannot be attacked collaterally. Abraham v. Homer, 102 Okla. 12, 226 Pac. 50.

The court had jurisdiction to try the action to quiet title between the plaintiffs and defendant for the reason that the Constitution of our state vests exclusive jurisdiction in the district court over such actions. Service was had upon the defendants in this action in the way and manner prescribed by law, which is not questioned by them. The judgment recites that a guardian ad litem was appointed for all minors, and defended the action for them. The particular point made by the defendants is that the deed through which the plaintiffs claimed was void, and that the latter were not entitled to the possession of the real estate. The answer to this charge is that the validity of the deed through which the plaintiffs claimed was the particular question which the action presented to the court. The trial of the action, in the main, involved the validity of the deeds. The court had jurisdiction of the subject-matter and service had been completed upon the defendants in the way and manner prescribed by law. The question of fact or of law involved in the trial of a cause, within the issues, or which might have been presented within the issues, either by the plaintiff as cause for action, or by the adverse party as a defense, cannot become the subject-matter for trial in another action between the same parties or their privies. Baker v. Vadder, 83 Okla. 140, 200 Pac. 994.

If the contention of the defendants is true, it does not amount to more than the charge that the trial court committed an error of law in the trial of the cause over which it had jurisdiction. The error, if any, was not reflected in the judgment of the court, and the most that the defendant could claim is that the error resulted merely in a voidable judgment. Therefore, the defendants cannot attack the judgment collaterally for the reason they were brought into the action before the rendition of the judgment in the way and manner prescribed by law. The contention of the defendants, in substance, is that although the court had jurisdiction of the subject-matter, the judgment of a court of general jurisdiction does not become binding between the parties until some trial court of competent jurisdiction finally reaches a judgment free from errors in the trial of the cause. The cases of Bucy v. Corbin, 101 Okla. 124, 223 Pac.

134; Johnson v. Ray, 101 Okla. 160. 222 Pac. 667, support the validity of the judgment quieting title in favor of the defendants in error. Other cases of this court supporting the rule that the judgment is not subject to collateral attack, unless it be void upon its face, are Moffer v. Jones, 67 Okla. 171, 169 Pac. 652; Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681; Griffin v. Culp, 68 Okla. 310, 174 Pac. 495; Continental Gin Co. v. DeBord. 34 Okla. 66, 123 Pac. 159; Blackwell v. McCall, 54 Okla. 96, 153 Pac. 815; Rice v. Theimer, 45 Okla. 618, 146 Pac. 702; Rice v. Woolery, 38 Okla. 199, 132 Pac. 817; Edwards v. Smith, 42 Okla. 544, 142 Pac. 302; Cushing v. Cummings, 72 Okla. 176, 179 Pac. 762.

The right of the plaintiff in error to cause the judgment to be set aside and to defend the action depends entirely upon our statutory provisions. The Legislature may provide for constructive service. and so long as the method provided amounts to due process of law, the act will be valid. Pennoyer v. Neff, 93 U. S. 714; Kaw Boiler Works v. Frymyer, 100 Okla. 81, 227 Pac. 453. A judgment rendered upon constructive service made in the manner prescribed by law is valid and binding upon its face. The fact that the constructive service prescribed by statute did not bring actual notice of the pendency of the cause to the attention of the defendant, prior to the rendition of judgment, does not give the defendant the right to have the judgment set aside, in the absence of a statutory provision, in order that he may defend the cause. So long as the Legislature makes provisions for constructive service, under carefully drawn acts, occasional judicial loss of property may be suffered by the adverse party without actual notice of the suit. But this condition does not result in want of due process of law. American Land Co. v. Zeiss. 219 U. S. 67, 31 Sup. Ct. 207, 55 L. Ed. 82.

Section 250, Comp. Stat. 1921, authorized the plaintiff to obtain service in an action to quiet title. Section 250, supra, makes provision for obtaining service by publication in several classes of actions. including divorce actions. Section 252, Comp. Stat. 1921, provides that where service by publication is authorized, copies of the publication notice, and of the petition must be mailed, within six days after the date the first publication is made, to the defendant at his place of residence, or place of business. This statutory provision is mandatory, and must be complied with in order for the plaintiff to be entitled to judgment in the cause upon service by publication, unless an affidavit be filed to the effect that the defendant's ad-

dress is not known to the plaintiff and cannot be ascertained. Stumpff v. Price, 74 Okla. 117, 177 Pac. 109.

The purpose of the statute in requiring the mailing of the copies of the notice and of the petition is to bring actual notice to the defendant of the pendency of the case before the trial of the cause. The mailing of the copies, of notice, and of the petition to the defendant at his place of residence, or place of business, is more likely to bring actual notice to the defendant than the publication o_ the notice in some newspaper.

Section 256, Comp. Stat. 1921, provides that the defendant may make application to set aside the judgment rendered against him by default, upon notice by publication, if the application is made within three years from the date of the rendition of the judgment. However, the right granted by the section to have the judgment set aside within three years from the date of its rendition, depends upon several conditions, two of the conditions are: First, that the judgment rendered in the cause by default depends entirely and alone upon the publication of the notice; second. that the adverse party did not have actual notice of the pendency of the cause before the rendition of the judgment.

A further provision of section 256, supra, is in the following language:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend."

It becomes material to determine what the phrase "other service" means as used in this section. The phrase "other service" cannot mean personal service, or bringing actual notice to the adverse party of the pendency of the proceedings. The several provisions made by the legislative acts for bringing notice to the defendant of the pendency of a cause are defined as service statutes. Our statutes make provisions both for personal and constructive service. The several methods of service as prescribed by our statutes are binding upon the defendant when made according to the provisions of the law.

There is really no room for question in the construction of this section for the reason that the provision for mailing copies of the notice of publication and of the petition is the only statutory provision for service to supplement the publication notice. Therefore, the phrase "other service" as used in conjunction with service by publication must mean the mailing of the copies of the

notice and of the petition as provided by section 252, supra. If personal service was made upon the defendant there would be no occasion for notice by publication; if service was made upon the defendant by leaving a copy of the summons with some member of his family over the age of 15 years, there would be no occasion for like service. The defendant would not be able to come within the provisions of section 256, supra, in making the allegation that he did not have actual notice of the pendency of the cause, if service of summons was made upon him outside of the state. Service by publication would not be required if the summons was served personally upon a defendant outside of the state. It is clear that the term "other service", as used in connection with service by publication, must mean the service had by mailing copies of the publication notice, and of the petition to the defendant, outside of the state, at his place of residence, or place of business. The act of making the affidavit by the plaintiff as provided by statute, in lieu of mailing the notice and petition, would not amount to any service, and would not come within the term "other service" as used in section 256, supra.

Section 250, Comp. Stat. 1921, is the provision that grants the plaintiff authority to obtain service upon the defendant by publication in a divorce proceeding. Section 503, Comp. Stat. 1921, provides that in cases where service by publication is proper a copy of the petition and a copy of the publication notice must be mailed to the defendant at his or her place of residence within six days after the date of the first publication. The latter section was adopted from the Kansas statutes by the Territorial Legislature of Oklahoma. Our Legislature, after statehood, deemed it proper to make the foregoing provision in relation to mailing of notice in divorce proceedings applicable to all cases where notice is obtained by publication. Therefore, service by publication, in all actions, stands upon the same plane that service by publication in divorce proceedings rests.

Section 256 was adopted by the Oklahoma Territorial Legislature from the statutes of Kansas. The meaning of the term "other service" as used in the section was construed by the Supreme Court of Kansas in the case of Lewis v. Lewis, reported in 15 Kan. 181, prior to its adoption by this state. This court has applied the rule in relation to adopted statutes to the effect that the decisions construing the statutes are adopted as a part of the statute. The further rule is that the decisions of the Supreme Court of

the originating state will be given effect by the adopting state, unless the decisions of the former state be contrary to public policy, or to the Constitution of the adopting state. National Life Stock Comm. v. Taliaferro, 20 Okla. 177, 93 Pac. 983; Steele v. Kelly, 32 Okla. 547, 122 Pac. 934; Hutchison v. Kreuger, 34 Okla. 23, 124 Pac. 591.

The defendant in the Lewis Case made the following points: First, that the term "other service" as used in the section meant the service of summons on the defendant; second, that actual notice of the pendency of the suit must be brought to the attention of the defendant prior to the date of the judgment.

Justice Brewer, who rendered the opinion for the court, construed the term "other service" as used in section 256, supra, to have reference to the supplementary service provided by statute, in the way of requiring copies of the notice of publication and of the petition to be mailed to the place of defendant's residence. The court reached the conclusion that the act of mailing copies of the notice of publication and of the petition, was "other service", as contemplated by section 256, which had the effect of denying the defendant the right to cause the judgment to be set aside. The court reached the conclusion that the term "other service" did not mean that the copy of notice should actually come in to the hands of the defendant for the reason the requirement of the statute was that the copies of notice and of the petition were to be mailed to the place of residence. We agree with the conclusions reached in the Lewis Case, for the reason that of all the several statutory provisions for the service of notice on the defendant, the requirement for the mailing of the copies of the notice and of the petition to the place of residence. or place of business of the defendant, is the only notice which may be treated as supplementing service by publication. Each of the other provisions for the service of notice is complete within itself, and does not require service by publication. We would render the portion of section 256 quoted above meaningless, unless we gave it this construction. If there be two constructions reasonably applicable to the particular statute, one of which would render the statute meaningless, and the other give it force, the latter should be applied, as it is presumed the act was passed to effect some substantial purpose. K. C. So. Ry. Co. v. Wallace, 38 Okla. 233, 132 Pac. 908.

Section 252 places section 256 in this case upon the same basis as the latter section

stood, when construed by the Supreme Court of Kansas in the case of Lewis v. Lewis, supra.

The plaintiffs in error do not make the point that Coffeyville, Kan., was not their place of residence at the time the plaintiffs mailed the copies of notice and of the petition to each of them at that post office.

The plaintiffs in error have failed to bring themselves within the provisions of section 256, for the reason that in this case there was supplementary service to that of the publication notice, as is provided by the section. Therefore, the plaintiffs in error are not entitled to have the judgment set aside, alone, on the ground that they did not receive actual notice of the pendency of the action before the rendition of judgment. As we have said before, the plaintiffs in error would be bound by service by publication alone, even though there was no statutory provision for setting the judgment aside, where actual notice did not come to them before the rendition of the judgment.

It is recommended that the judgment denying the defendants application to set aside the judgment rendered in the cause, quieting title in favor of the defendants in error and against the plaintiffs in error, be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 424; (2) 34 C. J. pp. 511, 530; (3) 34 C. J. p. 533; (4) 34 C. J. p. 429.