## MEYERS v. MEYERS.

No. 33262. Nov. 16, 1948.

*199 P. 2d 819.*

J. T. Smith and Finch & Finch, all of Sapulpa, for plaintiff in error.

R. E. Stephenson, of Sapulpa, for defendant in error.

HURST, C.J. On September 25, 1946, the plaintiff, Clarence Meyers, recovered a default judgment for divorce, on publication service, against the defendant, Grace Meyers. The plaintiff alleged in his verified petition, and stated in his affidavit for service by publication, that he had been a resident of Oklahoma for more than one year prior to the filing of the cause, and was then a resident of Creek county. In addition to

causing the notice to be published, the plaintiff filed an affidavit stating that he duly mailed copies of the petition and notice to the defendant at her proper street address in Portland, Oregon, without naming her street address.

On May 3, 1947, at the succeeding term of court, Grace Meyers filed in said cause her petition to vacate said judgment, alleging that she was a resident of the State of Oregon, that she was served by publication, that she had no knowledge of the pendency of said action until about November 1, 1946, and that said judgment should be vacated, (1) because it was obtained by the fraud of Clarence Meyers in falsely alleging and swearing that he had been a resident of Oklahoma for one year next preceding the filing of the action when in truth and in fact he had not been a resident of Oklahoma for said period of time, and (2) because the judgment was void for the reason that the plaintiff had not been an actual resident in good faith of the State of Oklahoma for one year next preceding the filing of the petition for divorce. The petition to vacate was duly verified, and to it was attached an answer in which defendant denied under oath that plaintiff was a resident of the State of Oklahoma one year next preceding the filing of the petition and denied generally the allegations of the petition.

The plaintiff filed a general demurrer to the petition to vacate, and from an order sustaining said demurrer the defendant, Grace Meyers, has perfected this appeal.

12 O.S. 1941 §1272 provides in part:

"The plaintiff in an action for divorce must have been an actual resident, in good faith, of the State, for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed."

This requirement of residence is jurisdictional. Greer v. Greer, 194 Okla. 181, 148 P. 2d 156; Beach v. Beach, 4 Okla. 359, 46 P. 514.

12 O.S. 1941 §1031(4) confers upon the district court power to vacate or modify its judgments or orders at or after the term at which they are made "for fraud practiced by the successful party in obtaining the judgment or order."

1. The first question presented is whether the false allegations of the jurisdictional fact of the residence of the plaintiff in a divorce proceeding, without more, by which the court is induced to exercise jurisdiction over the subject matter, when it in fact has no such jurisdiction, constitutes such fraud as will authorize the court entering the judgment to vacate the same on petition timely filed by the defendant under 12 O.S. 1941 §1031(4). The courts have repeatedly held that the false allegation of jurisdictional facts together with the false statement of the residence of the defendant, as a result of which the defendant is not served with process and has no knowledge of the pendency of the action, constitutes such fraud as will authorize the vacation of a divorce decree. See Edson v. Edson, 108 Mass. 590, 11 Am. Rep. 393; Sampson v. Sampson, 223 Mass. 451, 112 N. E. 84; Jones v. Jones (Mo. App.) 272 S.W. 1038; Murphy v. Murphy, 200 Ark. 458, 140 S.W. 2d 416; 17 Am. Jur. 385; 27 C.J.S. 811; Nelson on Divorce (2d Ed. 1945) §28.27. We find no case holding that the mere false allegation of such jurisdictional fact constitutes such fraud as will justify the vacation of the divorce decree. However, in Wright v. Wright, 350 Mo. 325, 165 S. W. 2d 870, and Adams v. Adams, 191 Ga. 537, 13 S. E. 2d 173, it was held that the act of a resident of a state in going into another state and securing a divorce without establishing a bona fide residence there constituted

a fraud upon the court of the other state, and that courts of the domicile could disregard the divorce decree.

We have repeatedly held that the false allegation of the jurisdictional fact of residence in probate proceedings constitutes a fraud upon the court such as will justify the vacation of an order or judgment under section 1031(4), above. See Johnson v. Petty, 118 Okla. 178, 246 P. 848; Jones v. Snyder, 121 Okla. 254, 249 P. 313; Red Eagle v. Cannon, 198 Okla. 330, 177 P. 2d 841. In Johnson v. Petty, involving a probate case, this court cited with approval the case of Sampson v Sampson, above, involving a divorce decree, in support of the rule that the false allegation of a jurisdictional fact constitutes a fraud upon the court which will justify the vacation of a judgment. The basis of jurisdiction in both probate and divorce cases is residence. Williams v. North Carolina, 325 U.S. 226.

In Metzger v. Turner, 195 Okla. 406, 158 P. 2d 701, where it appears that the defendants were personally served with summons but did not appear and defend the action or excuse their failure to do so, this court refused to vacate a default judgment because of the false allegations of the jurisdictional fact of possession in a quiet title suit. But here the defendant alleges that she knew nothing about the pendency of the divorce suit until some five weeks after the decree was rendered and she thereby satisfactorily excused her failure to appear.

This court has repeatedly said:

"Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and all resorted to by one individual to get an advantage over another. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling, and unfair ways by which another is cheated, and while fraud must be proved at law, in equity it suffices to show facts and circumstances from which it may be pre-

sumed." Bigpond v. Mutaloke, 187 Okla. 611, 105 P. 2d 408.

In 23 Am. Jur. 753, it is said:

"The term 'fraud' is used in various senses, and fraud assumes so many different degrees and forms that courts are compelled to content themselves with comparatively few general rules for its discovery and defeat, and allow the facts and circumstances peculiar to each case to bear heavily on the conscience and judgment of the court or jury in determining its presence or absence. In fact, the fertility of man's invention in devising new schemes of fraud is so great that courts have always declined to define it, reserving to themselves the liberty to deal with it under whatever form it may present itself."

To the same effect see 37 C.J.S. 204.

In Pomeroy's Equity Jurisprudence (4th Ed.) §875, it is said that although it is not possible to give a complete definition of fraud, actual fraud may be reduced to two essential forms, "false representation and fraudulent concealments."

The allegations in the defendant's petition to vacate are taken as true for the purposes of the demurrer. Federal Tax Co. v. Board of Commissioners, 187 Okla. 223, 102 P. 2d 148. The act of making the false allegations in the petition and affidavit for service by publication constituted a false representation, and we must assume that in the trial of the case the plaintiff concealed the fact that he had not been a resident of the state for one year next preceding the filing of the petition so as to confer upon the court jurisdiction of the subject matter—the marriage relation.

In Miller v. Miller, 234 Ala. 453, 175 So. 284, it is said:

"We may further observe that where the jurisdiction of the court is invoked and obtained by a fraudulent 'concoction' and the fraud is consummated through the instrumentality of a court of justice, it would impeach the moral sense and that of justice that courts

be not protected against such fraud. . . .

" 'We can conceive of no worse reflection upon a judicial system, no lowering of its dignity and of the respect due to its findings more regrettable than that the tribunal of justice may become an impotent agency of fraud against those who look to its for protection. . . . That the fraudulent scheme contemplated perjury and was consummated thereby does not lessen the call to the jurisdiction of a court of equity.' "

We are committed to the rule that mere perjury in the trial of a case does not constitute such extrinsic fraud as will authorize the vacation of a judgment under section 1031(4) (Metzger v. Turner, above), but here there was more than perjury, assuming that the plaintiff testified that he had been a resident of Oklahoma for one year preceding the filing of the petition. There was false allegation of the facts in the petition which if true gave the court jurisdiction of the res and, as stated by the Alabama court, the fact that this false allegation was to be followed up by perjury should not lessen the call to the jurisdiction of the court when the fraud is called to its attention in the manner provided by law.

We conclude that the false allegation of the fact of the residence in the petition and the false statement of residence in the affidavit for service by publication constitute such fraud as will authorize the court to vacate the judgment under section 1031(4). It is not necessary to multiply the acts of fraud in order to invoke provisions of said statute.

2. The plaintiff contends that since the petition to vacate the judgment was filed more than six months after the divorce decree was entered, and after the plaintiff was at liberty to remarry, the defendant is estopped from attacking the decree. He relies upon Faulkner v. Faulkner, 90 Wash. 74, 155 P. 404, where the plaintiff had remarried before the proceedings to vacate were commenced. It was there held that the court did not abuse its discretion in denying the petition to vacate, since the rights of the second wife, an innocent third person, were involved. That case is not in point. It does not appear that the plaintiff here has remarried, and nothing appears in the record to indicate that it would be inequitable to vacate the judgment. Our statute fixes a limitation of two years to commence a proceeding to vacate a judgment because of fraud. 12 O. S. 1941 §1038. It applies to judgments for divorce as well as other judgments. And the general rule is that the remarriage of the spouse securing a divorce decree is not alone a sufficient reason for denying an application to vacate the same. 17 Am. Jur. 337; 27 C.J.S. 814.

In view of the fact that what we have said forces a reversal, we need not discuss the further contention of defendant that she had the right to open up the judgment and be let in to defend under 12 O.S. 1941 §176. See, however, Lewis v. Lewis, 15 Kan. 181, and Lynch v. Collins, 106 Okla. 133, 233 P. 709, holding that section 176 does not apply where the petition and publication notice were mailed to the defendant, as here.

Reversed, with directions to overrule the demurrer.

DAVISON, V.C.J., and RILEY, WELCH, CORN, and LUTTRELL, JJ., concur.