BRADSHAW et al. v. EUDALY et al.
BRADSHAW v. ROLLER et al.

Nos. 33259, 33670.   April 18, 1950.

*217 P. 2d 522.*

Twyford, Smith & Crowe, of Oklahoma City, for plaintiff in error L. R. Bradshaw.

C. H. Bowie, of Pauls Valley, for plaintiffs in error W. C. Bonney and Wilma G. Bonney.

W. D. Hart, of Pauls Valley, for defendants in error.

GIBSON, J. The action out of which these appeals arose was instituted by plaintiffs in error, as plaintiffs, against defendants in error, as defendants, to quiet title to real estate. On September 19, 1945, judgment was rendered against certain of the defendants and later, on October 22, 1945, judgment was rendered against others of the defendants. Thereafter certain of the defendants (the defendants in error in cause No. 33259) filed a petition to open the judgments and, later, others of said defendants (the defendants in error in cause No. 33670) filed a petition to open the judgments. The trial court sustained both petitions and opened the judgments in each proceeding. The plaintiffs appeal from each order separately and the appeals have been consolidated for the purpose of our review.

We consider, first, the appeal in cause No. 33259.

The record in this appeal shows that a motion to dismiss filed herein was overruled but subject to being further considered when the cause was considered upon the merits. The court after further considering the motion and upon authority of Harper et al. v. Rutland Savings Bank, 79 Okla. 274, 192 P. 1101, now reaffirms the former order overruling the motion to dismiss.

Plaintiffs claim title to the land involved by resale tax deed. The defendants were record owners of interests therein as tenants in common at the time of the tax sale. The defendants herein were served by publication. Copies of the publication and petition were mailed to some of the defendants and an affidavit that the addresses of others were unknown was made and filed.

Messrs. Hatcher and Hatcher, attorneys of Pauls Valley, Oklahoma, appearing specially for the purpose, filed, on behalf of some of said defendants, a motion to quash the service. On September 19, 1945, the court overruled the motion to quash, granted time to movants to plead or answer and awarded judgment on default against those of said defendants for whom said attorneys did not appear. No pleading was filed on behalf of said movants, and thereafter, on October 22, 1945, default judgment was rendered against the defendants for whom Hatcher and Hatcher had appeared.

The petition to vacate the judgments was filed on authority of Tit. 12 O. S. 1941 §176, and the requirements of the statute incident thereto were complied with. The matters pertinent to the errors assigned and presented will be mentioned as those questions are discussed.

The argument for reversal is presented under the following propositions:

"Proposition One

"The trial court erred in admitting incompetent evidence in support of the petition to vacate the judgments, and in vacating the judgment on incompetent evidence.

"Proposition Two

"The trial court erred in setting aside and opening the two judgments rendered for the plaintiffs quieting title in them, as a matter of law, on the record as it exists.

"Proposition Three

"D. E. Roller, defendant, failed to make any showing sufficient to set aside the judgments in his behalf."

As to proposition one, there was referred to in the petition to vacate and made exhibits thereto the individual affidavits of the petitioners, other than D. E. Roller, in each of which, after reciting said action, there is, among other things, stated:

"Affiant further states that it appears in said cause that the firm of Hatcher and Hatcher, Lawyers, located in Pauls Valley, Oklahoma, representing the undersigned in said action. Affiant states upon oath that the law firm of Hatcher and Hatcher were unauthorized to enter the appearance of the undersigned defendant in said cause and that they never at any time advised with or conferred with the undersigned in said cause; that the undersigned are not even acquainted with either of the two members of said law firm."

These affidavits were considered by the court over the objection of plaintiffs and thereon the error is predicated. The basis therefor is thus stated:

" . . . The plaintiffs contend that these affidavits were not admissible in evidence for the purposes for which the same were used, and that the plaintiffs had the right to be confronted with the witnesses and to cross-examine them on the matters sought to be proved by the affidavits; that the admission of this evidence was and is reversible error."

And there are cited In re Free's Estate, 181 Okla. 564, 75 P. 2d 476, and other cases wherein it is held that ex parte affidavits are not admissible in evidence as to controverted facts material to the issue.

The rule there announced has no application herein. In the first place, the proceeding herein is not an action at law or suit in equity wherein relief is sought upon the merits of a controversy as was the case in the cases relied on, but is a special proceeding (Harryman v. Bowlin, 153 Okla. 202,

4 P. 2d 1011; Blair v. Blair, 96 Kan. 757, 153 P. 544). In the second place, the statute which authorizes the proceeding (sec. 176, supra) expressly provides that proof may be made "by affidavit, or other evidence that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense". The affidavits were properly admitted.

In support of the second proposition it is contended that since the record reflects that copies of the publication and petition were mailed to all of the petitioning defendants at their respective places of residence, as required by 12 O. S. 1941 §172, the defendants, as a matter of law, were not entitled under said section 176 to have the judgments opened. As authority for the contention there is cited Lynch et al. v. Collins et al., 106 Okla. 133, 233 P. 709. The doctrine relied on is stated in the first paragraph of the syllabus as follows:

"The defendant against whom a judgment has been rendered by default upon service by publication, is not entitled to have the judgment set aside under the provisions of section 256, Comp. Stat. 1921, if the copies of the publication notice and of the petition were mailed to the defendant at his place of residence, or place of business, according to the provisions of section 252, Comp. Stat. 1921. The term 'other service,' as used in section 256, includes the act of mailing copies of the notice of publication and of the petition to the defendant according to the provisions of section 252, Comp. Stat. 1921."

The statement that mailing was had as to all of the defendants petitioning, who are sixteen in number, is not borne out by the record which reflects that mailing was not had to three of them— Alvin Thomas Roller, Louis T. Roller and Charles L. Roller—as to whom the service was completed by the affidavit filed which stated their addresses to be unknown.

Sections 172 and 176 of Tit. 12 O. S. 1941, involved herein, are the same as

sections 252 and 256, Compiled Statutes 1921, construed in the syllabus quoted from Lynch v. Collins, supra. And, since the nature of the actions therein and herein is the same, the holding therein is in point and controlling if it is to be followed.

Petitioners challenge the soundness of the holding and assert that if adhered to and applied, the effect thereof will be to render nugatory said section 176, and be utterly at variance with the decisions of this court and Kansas which have consistently held that the statute is remedial and should be construed liberally in furtherance of justice. That the decisions so hold is reflected in the cited cases, Whitehead et al. v. Callahan et al., 197 Okla. 572, 173 P. 2d 447, and Withers v. Miller et al., 140 Kan. 123, 34 P. 2d 110, 104 A. L. R. 692.

That the effect of the application of the holding would be to limit the operation of the statute and apparently without sound reason is reflected by an application thereof to the situation that obtains herein. Under the holding, the twelve of the petitioners to whose addresses mailing was had are not entitled to reopen the judgment while the three to whose addresses mailing was not had are entitled to do so, and this is true notwithstanding the absence of knowledge of the proceeding, which is the statutory test of right to open, obtains as fully to the former as to the latter. An apt illustration of the apparent unfairness of the effect of the holding is exemplified herein. Three of the petitioners, Alvin Thomas Roller, Charles L. Roller and Lemuel Roller, were engaged in the military service of the United States. Mailing was had to the last known address of Lemuel Roller but no mailing as to the other two. Logically, these three, occupying the same factual status, with equal ignorance of the pendency of the action, should enjoy like right under the statute which makes the fact of ignorance the test of the right to reopen the judgment. And it is illogical to say that the fact of mailing which did not impart knowledge or disturb the state of ignorance should operate to defeat the right. The only effect of the mailing in one instance and the affidavit of non-mailing in the other is to complete the service by publication to which end it is essential (Locke v. Gilbert, 133 Okla. 93, 271 P. 247). On compliance therewith, the service is complete and the jurisdiction of the court obtains without reference to whether the mailing did or did not impart actual notice to the one to whom it was addressed. Without compliance therewith the judgment of the court based thereon would be void (Locke v. Gilbert, supra).

The relief afforded under the statute is to reopen a judgment based upon a sufficient service by publication, for it is only on such service that there could be a valid judgment to be reopened. Hence, the effect of applying the holding in the Lynch-Collins case is to limit the relief afforded by the statute to those of the defendant to whom no mailing was made.

We think that such a restriction on the scope of the operation of the statute appears to be contrary to the established rule of liberal construction and should be sustained only on clear authority therefor.

Examination of the decisions of this court discloses that while in several cases the holding in the quoted syllabus has been incidentally mentioned, yet in none has the holding therein been recognized to the extent of applying the same.

The express basis of the holding is that said section 172 was adopted from Kansas and that we took same with the burden of the construction placed thereon in Lewis v. Lewis, 15 Kan. 181, wherein the parent statute is indicated as section 77 of the Kansas Code.

It is our conclusion, after examination of Lewis v. Lewis, that the holding therein affords no construction of said

section 77 in respect of its application to the situation that obtained in Lynch v. Collins, and that the holding is not persuasive authority for the construction given said section 172 on authority thereof.

At the time of the decision in the Lewis case, Kansas had no statute comparable to our statute 172. And as a result thereof service by publication there was complete with the publication alone except in divorce actions wherein mailing was required.

The Lewis case involved an application to vacate a divorce decree under authority of said section 77. The court held that the section could not be invoked because in the divorce action there was required mailing in addition to the publication and such mailing was held to be "other service" and hence the decree based thereon was not a judgment rendered "without other service than by publication in a newspaper" as required by section 77.

It is only by reason of the fact that service in cases other than divorce could be completed by publication alone and to which section 77 applied that there could exist any basis for the distinction made between divorce actions and other cases. In this jurisdiction such basis cannot obtain because without compliance with our mailing statute there is no service, and hence to construe our statute as having reference to publication only as in Kansas is to completely nullify the statute by making it applicable only to situations where there could be no judgment. Such fact precludes the idea that the Kansas construction of their statute requiring mailing in divorce cases affords a criterion for construction of our statute, section 172, as held in the Lynch-Collins case. Furthermore, in the Kansas case it is recognized that the construction there adopted is questionable and to be justified by reason of conditions following divorce decrees. In the Lewis case, Mr. Justice Brewer states:

" . . . It must be apparent, too, from the cases noticed, that ofttimes the hardship of an adverse ruling, if it has not directly led to the decisions made, has induced the court to magnify matters of minor importance into circumstances of controlling weight. At the risk of being subjected to a like criticism, we are constrained to hold that section 77 does not apply to proceedings for divorce. . . .

". . . The conclusion, then, to which we have come, though, as we freely admit, with grave doubts, is that the mailing of the copy of the petition and notice, as required by said section 641, is a part of the service, and that, therefore, in a case where such mailing has been duly made in addition to the publication of notice in the paper, section 77 does not apply, and that a decree legally entered under those circumstances cannot be set aside upon the mere showing of actual ignorance of the pendency of the suit."

In the later case of Blair v. Blair et al., 96 Kan. 757, 763, it is said:

". . . This court has held that other statutory methods for opening judgments do not apply to divorce decrees. (Lewis v. Lewis, 15 Kan. 181.) The Lewis decision is supported by some rather artificial reasoning because the court was appalled at disastrous social consequences which would result from opening a divorce decree, not void but merely voidable, on the faith of which a second marriage has been contracted, children have been brought into the world, and rights of the most delicate nature and interests of the greatest moment have been innocently acquired."

The hesitation of so eminent a jurist to treat as sound the holding that the mailing required in divorce actions was "other service" in contemplation of section 77, and the fact that he was actuated in so holding to prevent the dire results mentioned, should discourage rather than encourage any conclusion that such construction afforded a proper standard for holding that mailing under section 172 was "other service" in contemplation of section 176,

which provides ample protection to third parties dealing with property on faith of the judgment. Further, and clearly determinative of the question, if it be questionable, as stated, whether mailing is "other service," in contemplation of section 77 under which service by publication without mailing was authorized, the only basis for holding the Kansas court construction applicable to section 176 is expressly excluded by the fact such mailing is, as hereinbefore stated, an essential of the service required thereunder (12 O. S. 1941 §174).

Being of the opinion that the holding reflected in the first paragraph of the syllabus in Lynch et al. v. Collins et al., quoted above, is not well grounded, and that the effect of an adherence thereto will militate against rather than subserve the legislative purpose reflected in section 176, we refuse to follow it .and hereby overruled the same.

We hold that the mailing of copies of the publication notice and petition to a defendant at his place of residence or business according to the provisions of 12 O. S. 1941 §172, unless received by him, does not constitute "other service" as the term is used in 12 O. S. 1941 §176.

In support of the third proposition it is urged that petitioner D. E. Roller, who testified, neither denied the authority of Hatcher and Hatcher, attorneys who represented him, nor denied receipt of the notice that was mailed and further that the fact that mailing was had foreclosed his right to reopen the judgment.

It is evident the argument is presented upon a mistaken view of the record. The record does not reflect that Hatcher and Hatcher appeared for the defendant, but excludes such fact. Defendant's showing in support of the petition is not limited to his testimony because it was he who as one of the petitioners made affidavit to the petition on behalf of himself as well as the other petitioners. The facts stated in

the petition, sworn to, afforded the requisite proof. That the mailing did not foreclose his right to reopen the judgment is clear in view of what we have said.

No error appearing, the orders of the court reopening the judgments in cause No. 33259 are affirmed.

The appeal in No. 33670 involves the same questions as those presented under propositions one and two in cause No. 33259. And the argument in support thereof is the same as that presented in No. 33259. Therefore, on authority of what we there said, we affirm the orders of the court reopening the judgments in cause No. 33670.

Affirmed.