## MYERS v. MYERS.

No. 34420. Jan. 29, 1952.

*240 P. 2d 442.*

R. E. Stephenson, Sapulpa, for plaintiff in error.

Finch & Finch and J. T. Smith, Sapulpa, for defendant in error.

ARNOLD, C. J. On September 25, 1946, Clarence Myers obtained a default divorce from Grace Myers in the district court of Creek county based on publication service. Grace Myers, on May 3, 1947, filed her petition to vacate this judgment on the ground of fraud under 12 O.S. 1941 §1031 (4), alleging that plaintiff had falsely represented his residence to the court in that he had not been a resident of Oklahoma for the statutory period prior to instituting the action. The petition also sought to reopen and allow the defendant to defend under the provisions of 12 O.S. 1941 §176. Answer was attached to the petition which alleged a complete defense. Plaintiff's demurrer to the petition was sustained and the cause appealed to this court where it was reversed in Meyers v. Meyers, 200 Okla. 683, 199 P. 2d 819, 6 A.L.R. 2d 591.

After the case was remanded issues were joined and on trial the court found the plaintiff had a proper residence in Oklahoma as required by the statute and therefore denied the petition on the ground of fraud. The court vacated the judgment, however, on the ground the defendant had no notice of the pendency of the action. The plaintiff has appealed.

The evidence discloses the defendant was a resident of Portland, Oregon, at and prior to the divorce suit. Her exact street address was well known to the plaintiff and he corresponded with her both before and after the default decree was entered. He admitted he failed to inform her in any of this exchange of correspondence about the divorce. She learned of the pendency of the action from plaintiff's mother some months after the decree. The court found the defendant never received notice of the pendency of the action and never received a copy of the petition and notice by publication. Since the court found that if the petition and notice had been mailed the defendant would have received same it amounted to an inferential finding that same had never been mailed. On the other hand, the plaintiff filed affidavit showing the notice and petition had been mailed.

Under the provisions of 12 O.S. 1951 §1273, where service is by publication in a divorce case, a copy of the petition and a copy of the publication notice must within six days after the first publication be mailed to the defend-

ant. In the early Kansas case of Lewis v. Lewis, 15 Kan. 181, the court held that it was not necessary that the notice be received by the defendant, but the statute was satisfied and the service was completed with mailing. This ruling was followed by us in Lynch v. Collins, 106 Okla. 133, 233 P. 709.

However, in the later case of Bradshaw v. Eudaly, 202 Okla. 640, 217 P. 2d 522, we expressly overruled Lynch v. Collins, supra, and held that 12 O.S. 1941 §176 was a remedial statute which should be liberally construed, and applying such liberal construction, we held:

"The mailing of copies of the publication notice and petition to a defendant at his place of residence or business according to the provisions of 12 O. S. 1941, §172 does not constitute 'other service' in the sense the term is used in 12 O. S. 1941 §176, unless received by him."

We conclude following that holding that the trial court was justified in finding the notice and petition was neither received by the defendant nor was mailed by the plaintiff, and consequently the defendant was entitled to reopen the judgment and be permitted to defend.

Affirmed.