GUYTON et al. v. IRWIN.

No. 34667.   Feb. 10, 1953.

253 P. 2d 556.

S. J. Montgomery, Oklahoma City, for plaintiffs in error.

Jarman & Jarman, Oklahoma City, for defendant in error.

CORN, J. This is an action by Geraldine Irwin against Euna Guyton, alias Mrs. Kirby, and Bob Kirby to recover damages because of an alleged assault and battery committed by defendants on her person.

Plaintiff in her petition alleges and the evidence in her behalf establishes that at the time the alleged altercation occurred she was the manager of a hotel known as Saxon Inn located in Oklahoma City. Some time prior to June 14, 1949, defendants came to her hotel to rent a room. She rented them room No. 9. The parties registered as Mr. and Mrs. Bob Kirby. She afterwards ascertained that Mrs. Kirby's real name was Euna Guyton. The parties were not married. Plaintiff was occupying room No. 4 in the hotel. About 1:30 a.m. plaintiff heard a noise and disturbance down the hall. She ascertained that the disturbance came from room No. 9 occupied by defendants, Euna Guyton and Bob Kirby. She rapped on the door and requested them to remain quiet. Later she returned and the defendants were still raising a disturbance. They were quarreling and the quarrel finally resulted in a fight. She again rapped at the door and asked defendant to leave the hotel. Mr. Kirby then opened the door, came out in the hall and struck her in the face several times. The blow

knocked her to the floor. She had several cuts on the left side of her nose and across the bridge of her nose.

Plaintiff then called to her son who was temporarily staying at the hotel. In the meantime, defendant Mr. Kirby had left the hotel, plaintiff's son followed him in an attempt to stop him, but was unable to do so. He then attempted to call the police but got no answer.

Plaintiff then entered a booth located in the hall and put in a call for the police. When she left the booth defendant Euna Guyton passed her in the hall and struck her and knocked her to the floor.

She was taken to a hospital for treatment. One of the doctors who assisted in treating her stated she had two cuts on the left side of the nose and that two stitches were placed on this side of the nose and that she had also suffered an injury across the bridge of the nose and four stitches were placed in the nose at that point. The physician further testified that a small bone in the nose had been fractured and that in his opinion the nose would be permanently disfigured.

Plaintiff offered in evidence a photograph taken sometime before the altercation occurred in order to show the then condition of her nose.

Defendants denied that either of them ever struck plaintiff. Mr. Kirby testified that when they were asked to leave the hotel he opened the door and a corner of the door struck her in the face.

The trial was to a jury resulting in a verdict in favor of plaintiff in the sum of $1,500.

Defendants filed separate motions for new trial which were overruled. Thereafter, defendants employed S. J. Montgomery, another attorney in the case, who thereafter took charge of the case and filed joint petition for new trial on behalf of defendants. The petition for new trial was filed after the term

at which the judgment was entered and was set for hearing on the motion docket and was heard and overruled on the 17th day of March, 1950.

Defendants appeal and in their petition in error assign several errors among which is error in overruling their petition for new trial. Defendants, however, in their brief discuss only the alleged error of the court in overruling said petition. We shall therefore treat the other errors assigned as having been abandoned.

It is first contended by defendants that the court erred in setting the petition for new trial for hearing on the motion docket and treating the same as an ordinary or supplemental motion for new trial. It is argued that the petition for new trial was filed pursuant to 12 O.S. 1951 §655; that the procedure should have been under this section rather than the procedure followed by the court. This section provides:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict or decision was rendered or made or report of the referee approved, or where the impossibility of making a case-made, without fault of the complaining party, arose after said term, the application may be made by petition filed in the original case, as in other cases, not later than the second term after such discovery or occurrence; on which a summons shall issue, be returnable and served, or publication made, as in the beginning of civil actions, or such service may be made on the attorney of record in the original case. The facts stated in the petition shall be considered as denied without answer, and if the service shall be complete in vacation, the case shall be heard and summarily decided at the ensuing term, and if in term, it shall be heard and decided after the expiration of twenty days from such service. The case shall be placed on the trial docket, and the witnesses shall be examined in open court, or their depositions taken as in other cases; but no such petition shall be filed more than

one year after the final judgment was rendered."

Defendants, however, did not comply with this section. They did not serve summons upon counsel for the opposite party. It is urged by defendants that the petition for new trial was prematurely heard; that instead of placing the petition for new trial on the motion docket it should have been set upon the trial docket and heard not earlier than 20 days after the time the petition was filed. It will be observed the statute provides that in cases of this kind service of summons shall be served, as in other cases, or upon counsel for the opposite party; that it shall be heard and decided after the expiration of 20 days from such service; that the case shall be placed on the trial docket and that witnesses shall be examined in open court. In this connection defendants argue that they were not given sufficient time in which to prepare their petition for new trial and were therefore denied the privilege of examining witnesses in open court as provided by statute.

Defendants, however, voluntarily appeared at the hearing of the petition for new trial without raising any objection as to the procedure. No request was made by them that the petition be transferred to the trial docket and that they be given further time to prepare petition for new trial and to produce evidence in support of their petition. No objection of any kind was made by defendants as to the procedure followed by the court, but on the contrary defendants voluntarily participated in that procedure. The question now raised was in no manner presented to the trial court by defendants. They may not therefore raise this question for the first time in this court. Mid-Continent Petroleum Corp. v. Jamison, Adm'r, 197 Okla. 387, 171 P. 2d 976.

The petition for new trial is based upon newly discovered evidence. The alleged newly discovered evidence consisted of evidence of Dr. James B. Parker and Dr. George H. Kimball. It is alleged in the petition that Dr. Parker was the doctor who received and first treated plaintiff at the hospital and that Dr. Kimball later examined her and observed her condition and that both of these doctors would testify that plaintiff's nose was not fractured. It is further alleged that S. J. Montgomery, counsel who had been employed in the case after the trial, obtained a transcript of the evidence. It disclosed that Dr. Bradley had testified on behalf of plaintiff that her nose had been fractured; that he thereafter made an investigation and discovered for the first time that the doctors above referred to would testify to the contrary, and it is further alleged in the petition that this evidence could not have been produced at the original trial by the exercise of due diligence. No facts, however, are pleaded tending to show the diligence exercised. The allegations of the petition are insufficient to justify the granting of the petition.

It is well established that in order to obtain a new trial on the ground of newly discovered evidence which could not with reasonable diligence have been discovered before trial, it is not sufficient for the movant to merely allege due diligence, he must allege and prove facts evidencing such diligence. Inter-City Finance Corporation v. McGowan, 174 Okla. 22, 49 P. 2d 698; Magnolia Petroleum Co. v. McDonald, 168 Okla. 255, 32 P. 2d 909.

Since the facts constituting diligence have not been alleged and proved, the trial court ruled correctly in denying the petition for new trial. Moreover, in our opinion, it is not probable if the alleged newly discovered evidence had been introduced at the original trial that a different result would have been reached.

Judgment affirmed.

Plaintiff requests judgment on the supersedeas bond. A copy of said bond appears in the record. The bond is signed by Euna Guyton as principal and Paul Ellis and Minnie Ellis as sureties. It is therefore ordered and ad-

judged that plaintiff have and recover against Euna Guyton, principal, and Paul and Minnie Ellis, as sureties, on the supersedeas bond, the sum of $1,500 and costs.

HALLEY, C.J., JOHNSON, V.C.J., and O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur. DAVISON, J., concurs in conclusion. WELCH and ARNOLD, JJ., dissent.