Yvonne MEAD, Plaintiff in Error,

v.

Milbern MEAD, Defendant in Error.

No. 37201.

Supreme Court of Oklahoma.

Sept. 25, 1956.

R. Kay Matthews, Atoka, for plaintiff in error.

Joe Ralls, Atoka, for defendant in error.

BLACKBIRD, Justice.

This appeal involves proceedings to vacate a decree of divorce obtained by defendant in error, Mr. Mead, on June 2, 1955, in an action he instituted in the trial court at Atoka, against his then wife, Mrs. Mead, the defendant in error. In said decree, he was given custody of the couple's son and daughter of the ages of four and two years, respectively.

Mead's original home was at Atoka, but there was an interval before his return there, and commencement of the action, when he and his wife lived at Mountain Home, Idaho. Exactly how long he had been back at Atoka before instituting the divorce action in December, 1954, cannot be unequivocally ascertained from the evidence in this case. It does appear, however, that in that month, and until sometime in March, 1955, Mrs. Mead was residing with her sister, Mrs. Bobbie Lacey, and the latter's husband, T. H. Lacey, at Lawton, Oklahoma. It also appears that the latter city had been Mrs. Mead's family's original home, and that her mother, father and brothers still lived there.

The first attempt to obtain service on Mrs. Mead in the Atoka County action was by a summons issued therein on December 23, 1954, directed to the Sheriff of Comanche County. This summons was returned "Not found" by that sheriff's office on January 5, 1955. An alias summons thereafter issued, March 3, 1955, and directed to the same sheriff with the notation "Try 1910 C. St., Lawton, Okla." was likewise returned "Not found" by said sheriff's office. The latter's return was not dated, but showed that it was received by the Comanche County Sheriff's deputy on March 7th, and that it was filed in the Atoka County divorce action on March 14th.

Thereafter, Mead took steps to get service on his wife by publication, filing an affidavit therefor, dated March 31, 1955, in which he stated, among other things, that he "has information that" she "has moved to Oregon and service cannot be had upon" her "within the State of Oklahoma." In the affidavit, Mead set forth as his wife's "last known place of address", 1910 C. St., Lawton, Oklahoma, and, in the subsequent vacation proceedings he introduced evidence tending to show that a copy of the petition and publication notice was mailed

to her at that address, but that they were thereafter returned, in the envelope in which they were mailed, with the following notations thereon: "Moved" and "Refused".

In the meantime, Mrs. Mead procured a Lawton attorney, Mr. O, to file suit for divorce and custody of the children for her in the Superior Court of Comanche County. The summons issued in this action for Mr. Mead, as defendant, was served upon him February 28, 1955. After some correspondence between the adversaries' attorneys with reference to the two pending divorce actions, and, among other things, the question of which of the two courts might first obtain jurisdiction of the matter to the exclusion of the other, Mr. Mead's Atoka attorney filed for him a motion to dismiss the wife's Comanche County action. Thereafter, when said motion came on to be heard in April, 1955, hearing thereon was postponed by agreement of the parties' respective Lawton counsel until service upon Mrs. Mead could be obtained and a divorce granted in the Atoka County action, whereupon the Comanche County action would be dismissed. Later, when the publication service upon Mrs. Mead was completed in the Atoka County action and Mr. Mead had therein been granted the afore-mentioned divorce and custody of the children, said agreement was fulfilled and the Comanche County divorce action dismissed.

Sometime after her return from Oregon to Lawton (the exact date of which does not appear) Mrs. Mead again conferred with Attorney O there, and, upon being informed by him that the matter would have to be taken up at Atoka, engaged her present Atoka counsel, who, on her behalf, filed August 11, 1955, under the divorce case's style and number there, a motion to vacate the decree that, about two months before, had been entered therein. Said motion contained no allegation whatsoever of the Atoka County District Court's lack of jurisdiction to enter the decree on account of Mr. Mead's not having resided in Oklahoma at least one year previous to the filing of his petition, as the plaintiff therein. Nor did the motion contain any direct, or specific, charge or allegation that the decree was void or irregular because of the specific invalidity or irregularity of the service by publication by which jurisdiction over her person was purportedly obtained therein. It referred, however, to such "pretended service"; alleged that she had been a lifelong resident of Oklahoma and was living at Lawton on the previous dates of both January 5 (when, as hereinbefore shown the original summons in said action was issued) and March 7 (the date the Comanche County Deputy Sheriff received the alias summons issued in said action) but that she "left the state temporarily on or about the 15th day of March, 1955, and visited the State of Oregon", and that (Mead) plaintiff in said action "at all times knew her mailing address at Myrtle Creek" in said State. She further alleged not only that she "was not constructively summoned" in said action, but that she had no actual knowledge or notice thereof until about July 26, 1955, nor opportunity to appear in court and defend it, in time to do so. Included in said motion were other allegations of fact referred to therein as comprising her "good and valid defense to said action * * *".

To Mrs. Mead's above-described motion to vacate, Mr. Mead filed a response, in which he alleged, among others, many of the facts hereinbefore delineated, and, in substance, denied Mrs. Mead's representation that she had no notice of the pendency of his Atoka County action in time to appear and defend it, by citing the knowledge thereof her Lawton attorney had obtained by the hereinbefore described correspondence and negotiations with his Atoka attorney concerning the separate actions each had filed, and by citing the records of the Comanche County action which contained, as exhibits to the motion to dismiss it, certified copies of the petition he had filed in the Atoka County action and the two summonses that had been issued therein attempting to obtain personal service upon her.

After a trial on the issues thus joined, at which both Mr. and Mrs. Mead appeared and testified, the trial court entered its judgment in favor of Mr. Mead, denying his former wife's motion to set aside the decree, after finding, upon the basis of the facts hereinbefore mentioned, that at the time of the pendency of the Atoka County divorce action, Mrs. Mead's Lawton attorney, Mr. O, was "well aware" of it. From said judgment, Mrs. Mead, has perfected the present appeal. In her brief, she directs no attack at the theory upon which the trial court's judgment was obviously based, that notice to her Lawton attorney of the pendency of the Atoka County action was the equivalent of notice to her, and that therefore the evidence failed to support the allegation of her motion that she had "no actual notice thereof in time to appear in court and make [her] defense", which showing is necessary under Tit. 12 O.S.1951 § 176. Nor does she contend that under this court's liberal construction of said statute, Myers v. Myers, 205 Okl. 660, 240 P.2d 442; Bradshaw v. Eudaly, 202 Okl. 640, 217 P. 522, and her testimony to the effect that, despite the notice to her attorney she had no actual notice or knowledge of the pendency of the action, the trial court's action in refusing to vacate the Atoka County decree was an abuse of discretion, Shuler v. Viger, 103 Okl. 129, 229 P. 280. And it is neither the duty nor prerogative of this court to explore such a theory to find valid ground upon which to reverse the trial court's judgment. See Reed v. United States Hoffman Machinery Corp., 193 Okl. 370, 143 P.2d 809; Allen v. First Nat. Bank & Trust Co. of Muskogee, 179 Okl. 631, 67 P.2d 2; Griggs v. Reeser Motor Co., 159 Okl. 279, 16 P.2d 252; Mires v. Hogan, 97 Okl. 130, 222 P. 985, and other cases cited in 2A Okl.Dig., under Appeal and Error, ▇▇▇▇▇▇▇ 4 C.J.S., Appeal and Error, § 1322, under Note 99; 3 Am.Jur., Appeal and Error, § 821. Her only present contention is that the District Court of Atoka County did not have jurisdiction of the parties, first, because the evidence shows that Mr. Mead, the plaintiff in said action, had not been a resident in good faith of Oklahoma for as much as a year immediately preceding the filing of his petition therein, and second, because the affidavit he filed to obtain service upon her by publication therein, was insufficient for that purpose.

The first contention of Mrs. Mead, hereinafter referred to as appellant, is based entirely on fragmentary and equivocal testimony concerning Mr. Mead's having voted in Idaho at some time previous to the filing of his petition in the Atoka County action. The most definite part of this testimony is contained in an excerpt from the cross examination of Mead, himself, as follows:

"Q. Isn't it a fact you voted in an election in Idaho in 1952? A. The only time I voted.

"Q. But in the last election you did vote in Idaho? A. Yes, sir."

Counsel for appellant asserts that the term "last election", as used in the above-quoted question, refers to the election of 1954. However, the evidence contains no unequivocal basis for such assertion. As far as the record reveals, and, in view of the question and answer immediately preceding the question in which that term appears, it would seem more probable that the witness was referring to the last Presidential election of November, 1952. It is neither necessary nor proper, however, for us to decide whether such testimony was sufficient to overcome the court's specific finding in the Atoka County divorce decree that Mead, hereinafter referred to as appellee, "is now and has been for more than one year prior to the filing of his petition a resident of Atoka County, Oklahoma." No such question was placed in issue by the pleadings in the proceedings out of which this appeal arose. In appellant's motion to vacate, she did not mention the possibility that the Atoka County District Court may not have had jurisdiction of the action on account of Mead's not having resided in said County and State for the statutory

period preceding the filing of his petition, as the plaintiff therein. And, there is nothing in the record of said proceeding to indicate that the trial court considered such question. The pleadings in an action define the issues therein, unless same are withdrawn or changed by amendment, Edmonston v. Holder, 203 Okl. 189, 218 P.2d 905; and though this court, in proper cases, has (in accord with courts generally. See 3 Am.Jur., Appeal and Error, sec. 844) deemed pleadings amended to conform to the proof, where necessary to sustain trial court judgments (see cases cited in 29 Okl. Dig., Appeal and Error, under ▓▓▓▓ we do not think that resort should be had to such practice in order to reverse such a judgment, where it would give effect to a radical change on appeal of appellant's theory; as it would in the present case. See Guyton v. Irwin, 208 Okl. 77, 253 P.2d 556; Muskogee Electric Traction Co. v. Dunnam, 129 Okl. 70, 263 P.2d 1091, and other cases cited in 2A Okl.Dig., Appeal and Error, under ▓▓▓▓ Here, it is manifest that appellant's trial court proceeding to vacate said court's previous divorce decree was based entirely on the type of service by which said court assumed jurisdiction over her person, and that this was the only issue considered by said court in deciding whether or not to open said decree and let her in to defend her husband's action. No claim was made, either in the pleading, or at the trial, that in the divorce action, said court had no jurisdiction either of the plaintiff therein nor of the subject matter of the action. We do not think any such untimely claim by appellant at this late date should be allowed to overthrow the trial court's judgment. Such a claim, made for the first time in her brief in this court, comes too late; and will not be adjudicated.

In connection with the appellant's claim of the insufficiency of the affidavit which appellee filed to obtain service upon her by publication in the Atoka County action, she first cites a quotation from Davis v. Rowland, 206 Okl. 257, 242 P.2d 716, 718, to the effect that in such affidavits, " 'it must be shown, and be true in fact' " that the affiant, with due diligence, cannot make service of summons within the state upon the party he seeks to serve by publication. In an apparent attempt to show that under this rule, the affidavit here was untrue or insufficient, her counsel cites evidence showing that, despite the sheriff's return on the two summonses issued for her (previous to the filing of the affidavit) indicating that she could not be found in Comanche County, she was living with her sister and brother-in-law at 1910 "C" Street, in Lawton. This evidence rendered the affidavit neither untrue nor insufficient under our statute. Here the affidavit was executed on March 31, 1955. From the evidence, it is an undisputed fact that appellant was, and had been, in the State of Oregon for approximately two weeks; and, as far as the evidence shows, she remained there until a short time before her motion to vacate was filed the following August.

▓▓▓ It is also pointed out that said affidavit stated appellant had gone to Oregon and counsel says that since appellee knew "she would by necessity have to go to her" parents living in Mountain View, in said State, a copy of the petition and publication notice should have been mailed to appellant at her parents' address in Mountain View, Oregon. If appellant's parents now reside at Mountain View, Oregon, there is no evidence showing when they moved there. Nor is there any evidence, other than the testimony of the appellant herself, that appellee ever had information that they lived in Oregon at any time material to this controversy, or, that if they did, the municipality, or location, of their residence in that State. The fact that the affidavit indicated appellant was a resident of another particular state did not weaken or detract from the averments therein that service of summons could not be had upon her in Oklahoma. Ritchie v. Keeney, 181 Okl. 207, 73 P.2d 397. Nor is such an affidavit rendered invalid because it discloses that such defendant's last known address was a designated city in this State. Burns v. Pittsburg Mtg.

Inv. Co., 105 Okl. 150, 231 P. 887. There being a conflict between the denials in appellee's testimony of any knowledge of appellant's address in Oregon and the evidence of appellant (consisting of her own testimony and other testimony of circumstances or means by which it might be inferred that appellee could, or should, have learned or known her address there) the resolution of this conflict was for the trial court. We cannot say that its judgment (which, in effect, rejected appellant's claim that the decree should be vacated on account of the claimed invalidity of the service by publication) was without sufficient evidence to support it. Said judgment is therefore affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, JACKSON and CARLILE, JJ., concur.

JOHNSON, C. J., and WELCH, J., concur in result.